## BROWN *v.* BROWN.

| | |
|---|---|
| 44 | 281 |
| 66 | 170 |
| 66 | 417 |
| 44 | 281 |
| 67 | 91 |
| 68 | 210 |
| 44 | 281 |
| 69 | 404 |
| 44 | 281 |
| f74 | 484 |

A bequest to a grandson of the testator, of a sum of money, to be paid him when he shall attain the age of twenty-one years, vests at once on the death of the giver; and if the legatee die before twenty-one, the money will go to his representative.

BILL IN EQUITY to recover the legacy hereinafter set forth.

The parties agree that the following are the facts in the case:

The defendant, and the late Charles Brown, father of Hiram, the plaintiff's intestate, were sons of Zephaniah Brown, who, by his will of April 13, 1843, made the defendant executor and residuary legatee, and devised a farm to said Charles.

Upon the decease of Charles, in the lifetime of Zephaniah, leaving one child, the plaintiff's intestate, said Zephaniah added a codicil to said will, wherein he revoked the devise to said Charles, and substituted therefor a legacy to the plaintiff's intestate in these words:

"I do give and bequeath to Hiram S. Brown, son of my said son Charles Brown, the sum of twelve hundred dollars, to be paid to him by the executor of my said will, when he shall attain the age of twenty-one years."

Upon the death of Zephaniah the will and codicil were duly proved, on the 11th day of November, 1857, and the defendant

accepted the trust of executor, giving bond to pay debts and legacies; and thereafter took possession under the will.

The plaintiff's intestate was born November 15, 1840, and died in September, 1861. The plaintiff was appointed administrator of his estate, and made demand on the defendant for the legacy, March 5, 1862. The will and codicil of Zephaniah Brown were referred to as a part of this case.

*F. O. French*, for the plaintiff.

The legacy given by the will of Zephaniah Brown to Hiram, the plaintiff's intestate, was vested in Hiram at the death of Zephaniah. Payment only was postponed until Hiram should reach years of discretion; a provision which does not postpone the vesting of the legacy. 1 Jarm. on Wills 759. In *Furness* v. *Fox*, 1 Cush. 134, the legacy was to one, "if he shall arrive at the age of twenty-one, then to be paid over to him by my executor;" which was held to be not a contingent but a vested legacy. In *Cloberry* v. *Lampsen*, 2 Ch. Cas. 155, S. C. 2 Freem. 24, A. gave B. £500 when she shall attain twenty-one, or be married, as shall first happen, to be paid with interest. B. having died before twenty-one, or marriage, a decree for its immediate payment was made; and the rule stated to be the same where legacy was without interest. S. P. *Stapleton* v. *Cheoles*, 2 Vern. 673. In *Harvey* v. *Harvey*, 2 P. Wms. 21, where a father gave £1000 to an infant, payable at twenty-one, the court saying "these being vested legacies," proceed to make provision out of the fund for the infant. In *Jackson* v. *Jackson*, 1 Ves. Sr. 217, legacy of £100 at death of mother: held vested legacy. The doctrine of these cases seems to be recognized in the recent decision of *Felton* v. *Sawyer*, 41 N. H. 211.

In the case at bar it is to be noted that the gift was from a grandfather to the only child of a deceased son, and that the legacy of $1200 was substituted for a devise of a farm to that son.

The assent of the executor is presumed in equity, if he has received assets. Story's Eq., sec. 540 (2); *Wind* v. *Jekyll*, 1 P. Wms. 575. The same rule obtained from necessity in actions at law in this State. *Pickering* v. *Pickering*, 6 N. H. 123. Having received property with notice, the defendant stands, like any trustee, charged with its application. 1 N. H. 217. It is contended that in case of residuary legatee giving bond under our statute, the representative character gives place to a strict trusteeship for creditors and legatees. Adams Eq. 251. In the light of cases not lately if ever questioned, this case seems to possess all the requisites of a vested and collectable legacy, and to stand outside of the realm of discussion and doubt.

*Christie*, for the defendant.

The defendant's position is, that the legacy sought to be recovered never vested, but, from the time of the death of the testator to that of the legatee, was contingent upon a condition precedent to its payment, namely, that the legatee should live to attain the age of twenty-one years; which condition, upon his death under that age, failed, and the legacy thereupon lapsed.

Wills and bequests are to be construed and enforced according to the intention of the testator, and that intention is to be gathered from the whole language used.   The material language in this case is, "I give and bequeath to Hiram S. Brown the sum of twelve hundred dollars, to be paid to him, by my executor, when he shall attain the age of twenty-one years."   Upon this language we submit and contend that the testator did not intend that this legacy should take effect and be paid to the legatee, or his representatives, unless he should live to attain the age of twenty-one years.   The clause, "to be paid when he shall attain the age of twenty-one years," was not intended simply and only to fix the time for the payment of said legacy, but to provide that it should never be paid if the legatee should not live to that age; and if he should, that then the legacy should be at once paid.   See *Knight* v. *Cameron*, 14 Ves. 389; *Lester* v. *Bradley*, 1 Hare 10; *Stapleton* v. *Cheoles*, Pre. Ch. 317.

We are aware that the cases cited in the plaintiff's brief are against us, but we think the decisions in those causes contravened the intention of the testator, and are therefore wrong; and as we are not aware that this doctrine has ever been adopted here, we pray the court to consider and decide the case upon principle rather than upon these or other such authorities.

BELLOWS, J.   The bequest being to the grandson of the testator, to be paid to him when he should attain the age of twenty-one years, and the legatee having died before that age, the question is whether his interest was vested or contingent.

It is well settled that where the words of the bequest, which look to the future, apply to the substance of the gift, the vesting is suspended; but if they appear to relate merely to the time of payment, the legacy vests at once upon the death of the testator.   In determining how this is, there is often great difficulty in ascertaining the will of the testator; but it appears to be an established rule of construction, that if the bequest be of a sum of money to the legatee, "at the age of twenty-one years," or, "if or provided he arrive at that age," then the interest is contingent, unless these terms are controlled by other parts of the will, such as a provision for the payment of the interest, in the mean time, to the legatee. On the contrary, where the gift is of a sum of money to the legatee, "payable," or "to be paid" at the age of twenty-one, the legacy vests immediately, and, upon the legatee's death before that age, goes to his representative; and this is upon the ground that the testator intended the gift to be absolute, but chose to postpone the payment to a period when the legatee might better make use of his bounty.

This distinction is established by a weight of authority too great to be shaken, and it may well be supposed that wills are made with reference to it, and it is decisive of the case before us.   Among the numerous authorities to this point are, 1 Jarman on Wills 760, and cases cited; *Boraston's Case*, 3 Co. 19; *Hayward* v. *Wistby*, 1 Burr. 228; *Ackerly* v. *Wheeler*, 1 P. Wms. 783; *Nichols* v. *Osborne*, 2 P. Wms.

418; *Harvey* v. *Harvey*, 2 P.Wms. 22, and note; *Heath* v. *Perry*, 3 Atk. 101; *Inchedon* v. *Northcate*, 3 Atk. 438; *Healey* v. *Greenbank*, 3 Atk. 716; *Anon.*, 2 Vern. 199; *Cloberry* v. *Lampsen*, 2 Freem. 24; *Smell* v. *Dee*, 2 Salk. 415; *Doe* v. *Lee*, 3 T. R. 41; *Cricket* v. *Dolby*, 3 Ves. Jr. 10, and note, p. 17; *May* v. *Wood*, 3 Ves. 399, and notes; *Booth* v. *Booth*, 4 Ves. 399, and notes a, and 3; *Hanson* v. *Graham*, 6 Ves. 239; *Shattuck* v. *Stedman*, 2 Pick. 469; *Furness* v. *Fox*, 1 Cush. 134; *Felton* v. *Sawyer*, 41 N. H. 211.   There must therefore be

*A decree for the plaintiff.*