## FELTON *v*. SAWYER.

A testator gave to his daughter, through the intervention of a trustee, all
his property, to be invested by the trustee in a manner most beneficial
to the daughter, with directions to expend for her such portion as he
might think best, not exceeding six per cent, until she reached the age
of twenty-one years, and then to pay her according to his discretion,
though not exceeding two thirds of the whole by the time she became
thirty years old, and at the age of thirty-five, to pay her the whole of
the residue, with the interest;

The daughter died at the age of twenty-four years, and the person desig-
nated as trustee died soon after, never having given bond as such, and
so having virtually declined the trust, though as executor he held the
fund, mingled it with his own, and applied portions of it, from time to
time, to the daughter's use, in the manner directed by the will;

*Held*, that her administrator was entitled to the whole fund, without wait-
ing for the time when she would have reached the age of thirty-five
years; that on her death he might have maintained an action of debt
against the trustee, as executor, on showing his assent to the legacy, and
a proper demand; and that, after the death of the trustee, the plaintiff,
her administrator, might maintain debt for money had and received,
against the executor of the trustee, to recover the residue of the legacy;
it appearing that it had come into his hands with the rest of his testa-
tor's property, that the estate was treated in the administration as
solvent, and that due demand had been made.

THE questions arise upon the pleadings; and the decla-
ration is as follows:

"In a plea of debt, for that whereas, to wit, September
22, 1849, Samuel S. Metcalf, late of Orford, in said county,
now deceased, then in full life, to wit: at said Orford,
made his last will and testament, in writing, under his
hand and seal of that date, executed in due form, and
thereby ordered that his just debts and funeral charges be
paid as soon as might be after his decease, and by his said
last will and testament gave and bequeathed all the rest,
residue and remainder of his estate, real, personal and
mixed, wherever found, and however situated, to Jona-
than S. Sawyer, of said Orford, then in full life, in trust

for his, said Metcalf's, daughter, Rachel Metcalf, then also of said Orford, and then a minor, under twenty-one years of age, to be managed, disposed of and paid over to her, the said Rachel, in the manner following, to wit: said trustee being authorized by said will to reïnvest and secure said estate, or the proceeds of the sale of the same, or any part thereof, as he should deem expedient for the interest of said Rachel; and being also thereby authorized and directed to pay over for, or to her, the said Rachel, from time to time, until she should attain the age of twenty-one years, such sums of money, not exceeding in the whole six per cent of said estate, as he, said trustee, should see fit and proper; and said trustee was further empowered by said will to pay over to said Rachel, after she should attain the age of twenty-one years, part or all of said estate so bequeathed to said trustee, in such sums and at such times as he, said trustee, should see fit, provided that not more than one third of the same, with its income and increase, should be paid over as aforesaid, before said Rachel should have attained the age of twenty-five years, nor more than two thirds of the same when she, the said Rachel, should have attained the age of thirty years; but the whole of said estate was, by said will, directed to be paid over to said Rachel on or before the day on which she should be thirty-five years of age :

And said Samuel S. Metcalf, in and by his said last will and testament, appointed said Jonathan S. Sawyer executor of his said last will and testament, and afterward, to wit, September 22, 1849, to wit, at said Orford, said Samuel S. Metcalf died, possessed of a large amount of personal property, and having no other estate, said personal property being much more than sufficient to pay all his debts and funeral charges, and the expenses of administering his estate ; and the said last will and testament, afterward, at a court of probate holden at Haverhill, in and for said county, October 16, 1849, was duly proved,

approved and allowed, as and for the last will and testament of the said Samuel S. Metcalf, and the said Jonathan S. Sawyer accepted the trust of executor of the same, and gave bond as required by law, as such executor, and the administration of said estate was, at said court of probate, holden at said Haverhill, October 16, 1849, duly committed to him, the said Jonathan S. Sawyer, and he, the said Sawyer, thereafterward, to wit, October 18, 1849, at said Orford, took possession of said estate of said Samuel S. Metcalf, and administered the same, and assented to the said bequest to him, in trust for said Rachel, but never gave any bond, as trustee of said bequest, to the judge of probate, and no other trustee was appointed by the judge of probate in his stead, during his life time; and May 3, 1852, said Jonathan S. Sawyer, then in full life, to wit, at said Orford, made his last will and testament, in writing, under his hand and seal, of that date, executed in due form; and therein and thereby devised and bequeathed to sundry persons part of his real and personal estate, and all the rest, residue and remainder of his estate, real, personal and mixed, wherever found, and however situated, the said Jonathan S. Sawyer gave, bequeathed and devised to the defendant, Jonathan N. Sawyer, his heirs and assigns forever, including the reversion of certain real and personal estate, in and by said last will and testament of said Jonathan S. Sawyer, given, bequeathed and devised to Ruth Sawyer, wife of said Jonathan S. Sawyer, during the term of her natural life; and said Jonathan S. Sawyer, in and by his said last will and testament, appointed said Jonathan N. Sawyer sole executor of his said last will and testament, and afterward, to wit, March 1, 1858, at said Orford, said Jonathan S. Sawyer died, seized and possessed of a large amount of real estate, being the real estate by him devised as aforesaid, and personal estate, of which the said Jonathan S. Sawyer was then the owner, being much more than sufficient to pay all his

debts, funeral charges, expenses of administration, and legacies; and the said last will and testament of said Sawyer, afterward, at a court of probate holden at Haverhill, in and for said county of Grafton, April 20, 1858, was duly proved, approved and allowed, as and for the last will and testament of the said Jonathan S. Sawyer; and the said Jonathan N. Sawyer accepted the trust of executor of the will last aforesaid, and the widow of said Jonathan S. Sawyer informed the judge of probate, in writing, at the court of probate last aforesaid, that she accepted the provisions made for her in the will last aforesaid; and the said Jonathan N. Sawyer gave bond, as executor and residuary legatee of said Jonathan S. Sawyer, as required by law, conditioned that if said Jonathan N. Sawyer should well and truly pay all debts due from said testator at the time of his decease, and all the charges of his funeral, and all the legacies and bequests given in and by said last will and testament, and should in all things faithfully execute the said office and trust of executor of said last will and testament, agreeably to the tenor, force and effect of the same, and the rules and directions of the law, and render a plain and true account of his proceedings therein to the said judge of probate, when lawfully thereto required, then said obligation should be void and of no effect, or else to abide and remain in full force and virtue; and the administration of said estate of said Jonathan S. Sawyer was, at said court of probate, holden at said Haverhill, April 20, 1858, duly committed to said defendant, as executor of said last will and testament of said Jonathan S. Sawyer, and residuary legatee of said estate; and the said defendant thereupon, to wit, on the day and year last aforesaid, to wit, at said Orford, took possession of said estate, and proceeded to administer the same, and has ever since been acting as executor of said last will and testament of said Jonathan S. Sawyer; and the said Jonathan S. Sawyer, in his life time, at a court

of probate holden at Haverhill, in and for said county, on the third Tuesday of April, 1851, having first paid all the debts and funeral charges of his said testator, Samuel S. Metcalf, settled his account of his administration of the estate of said Samuel S. Metcalf, whereupon there was found by said court of probate to be in his hands, after paying the expenses of administering said estate, a balance of one thousand eight hundred and forty-one dollars and forty-one cents, to be disposed of according to the said last will and testament of said Metcalf, which sum the said Jonathan S. Sawyer then held in trust for said Rachel, according to the bequest to him made as aforesaid, in the last will of said Samuel S. Metcalf, and managed the same, and made payments therefrom (during his life time, according to the terms and conditions of said bequest), to and for said Rachel; and said Jonathan S. Sawyer did not invest, in his life time, nor has said defendant, since said Jonathan S. Sawyer's decease, invested said sum nor any part thereof, but the said Jonathan S. Sawyer, during his life time, retained and kept the same, subject to his control as money, and there remained and was in the hands of said Jonathan S. Sawyer, at the time of his decease, of said sum and the income thereof, after deducting all payments therefrom, made to and for said Rachel by said Jonathan S. Sawyer, a large sum, to wit, the sum of eleven hundred dollars; and after the decease of said Samuel S. Metcalf, to wit, October 4, 1852, said Rachel was lawfully married to. one Alonzo D. Perrin, and became and was his lawful wife, to wit, at said Orford; and before the decease of the said Jonathan S. Sawyer, to wit, January 9, 1858, said Rachel died intestate, being then the lawful wife of the said Alonzo D. Perrin, and of the age of twenty-four years; and afterward, at a court of probate holden at Wentworth, in said county of Grafton, on the third Tuesday of August, 1858, the plaintiff was duly appointed administrator of the

estate of said Rachel, and gave bond as such administrator, according to law, and accepted said trust of administrator as aforesaid; and afterward, to wit, October 1, 1858, at said Orford, the plaintiff demanded of said defendant payment to him, the said plaintiff, of said sum, which the defendant then and there refused, and has ever since refused, to pay; whereby, and by reason of the premises herein before contained and set forth, an action hath accrued to the plaintiff, as administrator as aforesaid of the estate of said Rachel, to sue for, have and recover of the defendant the said sum of eleven hundred dollars, with lawful interest thereon, from the time of the decease of the said Jonathan S. Sawyer, to wit, from said March 1, 1858; yet the defendant, though often requested, has not paid the same, nor any part thereof, but unjustly refuses so to do, and detains it, to the damage of said plaintiff, as administrator as aforesaid, as he says, the sum of fifteen hundred dollars."

The defendant pleaded in abatement, as follows:

" And said defendant comes and defends, when, &c., and prays judgment of the writ aforesaid, and that the same may abate, because he says that heretofore, before the commencement of said suit, to wit, at a term of the court of probate, holden at Canaan, within and for said county of Grafton, on the third Tuesday of June, 1859, said defendant, on said day last aforesaid, at Canaan aforesaid, was duly and legally appointed by said court of probate trustee of the property and estate so bequeathed in trust for said Rachel, by said Samuel S. Metcalf, as aforesaid, and on the day last aforesaid, at said Canaan, said defendant accepted said trust, and then and there gave bond for the legal and proper discharge and performance of his trust and duties as such trustee as aforesaid, according to law; and said defendant did thereafterward, on said day last aforesaid, enter upon the performance and discharge

of his said trust and duties, as such trustee as aforesaid, and took possession and charge of said property and estate, in and by virtue of his said office and capacity of trustee as aforesaid; and heretofore, to wit, August 31, 1859, at Orford, in said county of Grafton, and before the commencement of said suit, said defendant, in and by virtue of his said office and capacity of trustee as aforesaid, did make and file a true inventory of said property and estate, in the probate office in said county of Grafton, according to law; and said property and estate, at said time and place last aforesaid, and at the time of the commencement of said suit, was, and ever since has been, and now is, in the hands, possession and charge of said defendant, in and by virtue of his said office and capacity of trustee as aforesaid, to wit, at said Orford; and this said defendant is ready to verify. Wherefore said defendant prays judgment of said writ, and that the same may abate, and for his costs."

To this plea the plaintiff demurred, and the questions were reserved for the consideration of the whole court.

*Felton,* for the plaintiff, contended that the plea was bad, but as a misconception of the action, or a premature commencement of it, is a ground of demurrer or nonsuit, (1 Ch. Pl. 442, 443), the plaintiff was willing that the plea should be treated as well pleaded, and that the court should consider whether the action was misconceived, and also whether it was prematurely commenced, as, by the decision of those matters, progress will be made toward a final disposition of the case.

The plea denies no allegation in the declaration; all the allegations in the declaration are, therefore, to be taken as true. The plea, then, merely alleges, in substance, that, under the circumstances stated in the declaration, the defendant was appointed trustee of the money

Felton *v.* Sawyer.

sued for; and we say, that, upon the decease of the plaintiff's intestate, the trust, as created by Metcalf's will, expired, and Mrs. Perrin's administrator became entitled to the trust fund immediately, and the judge of probate could no more deprive him of it, by the appointment of a trustee, than he could deprive him, in that way, of his own property. The legacy was a vested legacy; it was not given at a future time, but was a gift *in presenti,* to be paid and enjoyed *in futuro,* and it was, by the terms of the will, to bear interest, and, therefore, the plaintiff was entitled to the fund immediately. Toller's Law of Exrs., 3d Ed., 170, 171, 172; 312, 313, 325; 2 U. S. Dig. 760, sec. 100; Com. Dig., Chan. 3 Y. 8, sec. 14; 1 Str. 238, 480; 13 U. S. D. 628, sec. 82.

The statute relating to trustees of estates speaks of the expiration of trusts like the one in question, and the trustee's bond binds him to pay over the fund upon its expiration. Comp. Stat., ch. 178, sec. 1. Executors and administrators are trustees for legatees, heirs and creditors. *Parsons* v. *Parsons,* 9 N. H. 309; *Erickson* v. *Willard,* 1 N. H. 217; *Judge of Probate* v. *Hardy,* 3 N. H. 147; *Saunderson* v. *Stevens,* 6 Mass. 37. And yet actions at common law lie against them after the expiration of special trusts, in favor of those ultimately entitled. An action of debt is the proper action in this case. *Childress* v. *Emery,* 8 Wheat. 642; *Knapp* v. *Hudford,* 6 Conn. 170; 7 Conn. 132; *Payne* v. *Smith,* 12 N. H. 34. An action of debt will lie for a debt or legacy against an executor who has given a bond to return an inventory, &c., as the authorities last cited show; and the statute makes no difference in the remedy against an executor who is residuary legatee, and has given bond as such. It only authorizes the latter to give bond with a condition less comprehensive, and it makes no other difference between the two classes of executors. Comp. Stat., ch. 167, sec. 13. If a bill in chancery could be maintained in this case, so can an

action at common law. Otherwise, before chancery powers were given to the Superior Court, in 1832, no remedy could be had in such a case. The claim in this case is sufficiently liquidated and certain to support this action. *Van Deusen* v. *Blum*, 18 Pick. 229; 1 Ch. Pl. 105, 106, 107. If the appointment of the defendant as trustee was not merely void, as being made without jurisdiction, its only effect was to oblige the defendant to keep the property safely for the plaintiff, as administrator of Mrs. Perrin; for as the trust, as originally created, had expired, it could not be revived by the appointment.

*Hibbard*, for the defendant, to the point that the matter of the plea was properly in abatement, and that it was sufficient if the matter alleged showed what form of action should have been brought, without in terms giving a better writ, cited 1 Ch. Pl. 488; *Woods* v. *Manf. Co.*, 4 N. H. 527; *Gould* v. *Richardson*. 6 Pick. 364–370. He urged, also, that this was an action in behalf of the *cestui que trust* against the trustee, for the enforcement of an express trust, created by a will, and that a court of law had no jurisdiction, otherwise than by suit upon the trustee's bond, in the name of the judge of probate; and he cited Comp. Stat., ch. 181, sec. 9; 3 Bl. Com. 432; 1 Story Eq. Jur., sec. 60; *Wilson* v. *Towle*, 36 N. H. 129; *Society* v. *Trustees*, 23 Pick. 152; *Jones* v. *Boston Mill-Dam Corporation*, 4 Pick. 511; 2 U. S. Eq. Dig. 639, secs. 638, 643; 534, secs. 980–982; *Edwards* v. *Lowndes*, 16 E. L. & E. 204; *Law* v. *Thorndike*, 20 Pick. 317; *McCrea* v. *Purmort*, 16 Wend. 460; *Ela* v. *Pennock*, 38 N. H. 157. To the point that the legacy was not payable until the time when the *cestui que trust* would have reached the age of thirty-five years, he cited *Sylvester* v. *Wilson*, 2 T. R. 444; and to the point that the legacy failed by the death of the legatee, having become impossible of execution, he cited 4 Kent Com. 299, 300, 311; 2 Story Eq. Jur., sec. 1196, a.

BELLOWS, J. The declaration states that Samuel S. Metcalf, by his will, September 22, 1849, gave all his estate, after paying his debts and funeral charges, to Jonathan S. Sawyer, in trust for Metcalf's daughter, Rachel, a minor, to be managed, disposed of, and paid over to her as follows: To be invested as the trustee should deem most for Rachel's interest, and to pay over for or to her, from time to time, until twenty-one years of age, such sums of money, not exceeding six per cent, as he should think fit, and after that to pay her part or all of the estate, as he should see fit, provided not over one third, with its income and increase, should be paid over before she was twenty-five years old, nor more than two thirds when she should attain the age of thirty years; but the whole was to be paid by the time she was thirty-five years old; and appointed Sawyer executor, who proved the will October 16, 1849; that Metcalf having died September 22, 1849, leaving personal estate but no real estate, Sawyer accepted the trust of executor, and gave bond, and took possession of the estate, being much more than sufficient to pay debts and expenses, assented to the bequest to him in trust for said Rachel, but gave no bond as trustee, and no other trustee was appointed during his life time; that said Sawyer, May 3, 1852, made his will, and gave parts of his estate to sundry persons and the residue to Jonathan N. Sawyer, the defendant, and appointed him his sole executor, and died March 1, 1858, leaving a large amount of property over debts and expenses; that his will was proved, and the defendant accepted the trust and gave bond as residuary legatee; that he took possession of the estate, and has ever since acted as administrator; that Jonathan S. Sawyer, in his life time, settled his account of the administration of Samuel S. Metcalf, having paid the debts and funeral charges, and there was found in his hands, after paying the expenses, $1,841.41, to be disposed of under said Metcalf's will, and held in trust for said

Rachel, which fund he managed and made payments out of the same, to and for said Rachel, as directed by the will; that he did not invest the money, but kept it in his control, and at his decease there remained of it $1,100; that Rachel married Alonzo D. Perrin, October 4, 1852, and died January 9, 1858, of the age of twenty-four years, and the plaintiff was appointed her administrator, and demanded payment of said $1,100 and interest.

The defendant pleads, in abatement, substantially that the action is misconceived and premature; to which the plaintiff demurs.

. From this statement it is quite clear that the whole property was given to the daughter, though with the intervention of a trustee; and the terms, which look to the future, apply to the time and mode of payment, and not to the gift itself; and there is nothing in the will that indicates an intention to postpone the vesting of the legacy. The whole estate is, in fact, given to her, and no other means provided for her support, she being then about fifteen years old, and the income of the fund not likely to exceed materially the amount required for her maintenance and education. Upon her reaching the age of thirty-five years the whole fund, including the interest, would go to her, and it is clear, upon the adjudged cases, we think, that, upon her death before that age, the whole would go to her personal representative, to be paid immediately, without waiting for the time when she would have reached the age of thirty-five years. Had the will given her nothing but the principal, leaving it in the hands of the executor or trustee in such way as to give the estate or other parties the benefit of the income, the rule would have been otherwise. But it is clear, in this case, that she would take both principal and interest, and therefore, on her death, though before thirty-five, the whole would go at once to her representatives.

In *Crichett* v. *Dolbey*, 3 Vesey 13, where the legacy

was to be paid at the age of twenty-one, with interest, the Master of the Rolls says, "there never could be such an absurdity as the notion that you must wait till the legatee would have been twenty-one, and then have the subject, with interest." And this, we think, accords with the general current of the authorities upon this subject. *Hanson* v. *Graham,* 6 Ves. 239, and notes; *Haywood* v. *Whitby,* 1 Burr. 228; Boraston's Case, 3 Co. 19; *Butler* v. *Forman,* 3 Atk. 58; Toller's Law of Executors, (3d Ed.) 171, 313, 325; *Hoath* v. *Hoath,* 2 Bro. Ch. 3, and notes; *Walcott* v. *Hall,* 2 Bro. Ch. 305; 1 Jarm. on Wills 759, 760.

Upon these views, the administrator of Rachel Metcalf, at her death, became entitled to the whole fund, both principal and interest, to be paid without awaiting the time when she would have reached the age of thirty-five years, had she lived. Jonathan S. Sawyer, the executor of Samuel S. Metcalf, was living at the death of Rachel; but, never having given the bond required by law of a trustee, he must be regarded as having declined the trust. Comp. Stat., ch. 178, sec. 3. The money was then in his hands as executor, and the plaintiff, upon demand, the executor having assented to the legacy, could have maintained an action at law against him to recover it. For aught we can see it would then stand upon the ordinary footing of a pecuniary legacy, for which, as is well settled in this State, an action at law will lie.

The question, then, is, will this action lie against the present defendant? He, as the executor of Jonathan S. Sawyer, has taken the whole estate of his testator, including the fund bequeathed to Rachel, which seems not to have been kept distinct from the other estate of Jonathan S. Sawyer. The estate of the latter is large, and, for aught that appears, is administered as a solvent estate. If so, at the expiration of one year from the grant of

Felton *v.* Sawyer.

administration, and after exhibiting the claim and making demand of payment, an action at law could be maintained by this plaintiff against the defendant, to recover the amount of the legacy in his hands, with interest; and we think that the action may well take the form of debt for money had and received. Upon these views our conclusion is that the action is not misconceived, nor is it, upon any thing stated in the plea, to be regarded as prematurely brought. Should it turn out that it was brought before the expiration of one year from the granting of administration to the defendant, it would probably come within the provisions of the statute upon that subject. But as that question is not raised by the pleadings, and we are not furnished with the writ, it is unnecessary to consider it further.

We have not considered the question whether the form of the declaration is precisely adapted to the case upon the views we have stated, and it may be necessary to amend by stating some further facts, to entitle the plaintiff to maintain the suit against the administrator. But these questions do not arise here, the plea going to the action of the writ, and not having the character of a special demurrer.

The demurrer to the plea must, therefore, be sustained, but giving to the defendant the right to withdraw the plea, without terms, and plead anew, and also giving to the plaintiff leave to amend, without terms, his declaration.