ORDWAY *v.* DOW.     { DECEMBER 2, 1874.

M. G., by her last will and testament, bequeathed the residue of her estate to W. N. D., to be held in trust for her grandson C. B. G. until he should attain the age of twenty-five years, at which time the said trustee was ordered to pay over and deliver to the *cestui que trust* the estate so held in trust, from and after that time to belong to the said C. B. G., his heirs and assigns forever ; but with the proviso, that if it should be found necessary to expend any portion of said trust-estate for the support of the said C. B. G., then so much and no more might be so appropriated for his support until he should attain that age.   C. B. G. survived the testatrix, but died before attaining the age of twenty-five years. *Held*, that the legacy vested immediately upon the death of the testatrix in C. B. G., to be held in trust for him until he should attain the age of twenty-five years, and from and after that time to belong to him and his heirs discharged from the trust; and that upon his death before that age, the same descended to his legal representatives.

Declarations of the testatrix, made at the time of executing the will, to the effect that she desired to have it so drawn that in case C. B. G. died before reaching the age of twenty-five, none of the property should go to the family of his mother, are inadmissible upon the construction of the instrument.

IN EQUITY. The bill was brought by John G. Ordway, of Epping, in said county, administrator of the goods and estate of Charles B. Godfrey, late of said Epping, deceased, against Winthrop N. Dow, of said Epping, executor of the last will and testament of Mehitable Godfrey, late of said Epping, deceased, and residuary legatee in trust under the said will of the said Mehitable. It charges that the said Mehitable, being possessed of considerable personal estate, duly made and executed her last will and testament in writing, dated November 13, 1868, in which she ordered her executors to pay all her just debts and funeral charges, and to erect suitable gravestones to her memory, and gave to her son, James M. Godfrey, the sum of five dollars and her brass clock, and then made the following bequests:

" Third. I give and bequeath to my grandson, Charles Brown Godfrey, thirteen hundred dollars in bank stock, to be delivered and paid to him on his attaining the age of twenty-one years, provided my decease occurs before that time; and if not, the same to be paid and delivered to him as soon after my decease as it can be done.

" Fourth. I give, bequeath, and devise unto Winthrop N. Dow, of said Epping, all the rest, residue, and remainder of my estate, whether real, personal, or mixed, wherever found or however situated, to be held in trust for my said grandson, Charles Brown Godfrey, until he shall attain the age of twenty-five years, at which time I order and direct the said Winthrop N. Dow to pay over and deliver to the said Charles Brown Godfrey all and singular the estate so by him held in trust as aforesaid, from and after that time to belong to the said Charles Brown Godfrey, his heirs and assigns forever. Provided, nevertheless, that if it shall be found necessary to expend any portion of said estate so holden by said Dow for the support of said Charles, then so much and no more may be so appropriated for his support until he shall attain the aforesaid age of twenty-five years ; " that the said Mehitable appointed the said Winthrop N. Dow and Charles B. Godfrey executors of her said last will and testament; that the said Mehitable died on or about May 18, 1870, without revoking or altering her said will, and the said Winthrop N. Dow and Charles B. Godfrey, the executors therein named, caused said will to be duly proved, approved, and allowed at a court of probate, holden June 15, 1870, and accepted the said trust of executors, and gave bond according to law, and took possession of all the goods and effects of the said Mehitable; that the said Winthrop N. Dow and Charles B. Godfrey settled their account as executors of said will at a court of probate, holden June 14, 1871, whereupon, after paying all the just debts of the said Mehitable and her funeral charges

and the expenses of administration and erecting suitable gravestones to her memory, and paying all the specific legacies, including the said legacy of thirteen hundred dollars in bank stock to the said Charles, there was a balance found in their hands of $1,251.25; that the said Winthrop N. Dow accepted the said legacy to him in trust as aforesaid, and received and took into his possession said balance of $1,251.25, and has ever since held the same in his possession, with the interest which has accrued thereon, as the plaintiff has been informed and believes; but if the said balance did not actually pass into the possession of said Dow as residuary legatee in trust as aforesaid, the same has remained in his possession as executor of the last will of the said Mehitable; that the said Charles B. Godfrey was the grandson of the said Mehitable, and he and the said James M. Godfrey were her only heirs-at-law; that the said Charles B. Godfrey was born April 1, 1848, and died March 30, 1873, and the said John G. Ordway was duly appointed administrator of the goods and estate of the said Charles B. Godfrey, at a court of probate holden June 14, 1873, and accepted said trust, and gave bond according to law; that the said Charles B. Godfrey would have attained the aforesaid age of twenty-five years on the first day of April, 1873, and the said balance became due and payable,— and he, the said Ordway, as administrator of the said Charles, is entitled to have and receive the said balance of $1,251.25, in the hands and possession of the said Dow as aforesaid, together with the interest on the same, whether the said Dow holds the same as residuary legatee in trust as aforesaid, or as executor of the last will of the said Mehitable; that the said Ordway, as administrator of the said Charles as aforesaid, August 6, 1873, demanded of the said Dow the said balance of $1,251.25 in his hands as aforesaid, and the interest which has accrued thereon, and requested him to pay over and deliver the same to him, which said Dow absolutely refused to do.

The plaintiff prays that said Dow be required to answer, that an account be taken of the interest which he has received from said balance, or which has accrued thereon, and that he be ordered and decreed to pay over to the plaintiff, administrator as aforesaid, said balance of $1,251.25, and the interest which has been received or has accrued thereon, whether the same is in his hands as residuary legatee in trust as aforesaid, or as executor of the last will of the said Mehitable Godfrey, and for such further and other relief as the nature of the case may require and to the court may seem meet.

The answer admits all the facts well alleged in the bill, but denies that the plaintiff, as administrator of the estate of the said Charles B. Godfrey, is entitled to have and receive the said balance of $1,251.25 in the defendant's hands and possession, together with the interest on the same or any part thereof.

The defendant admits that he is executor of the last will and testament of said Mehitable, and residuary legatee in trust under her will; that the third and fourth items of her said will are correctly set forth in the bill; that said James M. Godfrey and Charles B. Godfrey were

the only heirs-at-law of the said Mehitable Godfrey; that said Charles B. Godfrey died unmarried and before attaining to the age of twenty-five years, and that the plaintiff is administrator of his estate.

The defendant claims that said Charles B. Godfrey was the only child of the late Charles L. Godfrey, deceased; that the said Charles L. Godfrey was a son of said Mehitable Godfrey, who survived him; that said James M. Godfrey is a son of said Mehitable Godfrey, and her only surviving child and her sole heir-at-law, and claimed that said balance of $1,251.25 is of the estate of said Mehitable and not of the estate of said Charles B. Godfrey, and belongs to him as her sole heir-at-law. And the defendant denies that he now has or has ever had in his hands or possession any money, choses in action, or property of any sort belonging to the estate of said Charles B. Godfrey, since his decease, or which the plaintiff as administrator of his estate is entitled to have and receive, unless said balance of $1,251.25 shall be adjudged to belong to the estate of said Charles B. Godfrey, which sum, deducting whatever the defendant may be entitled to receive for the custody and care thereof, he is ready to pay to whomsoever it shall be adjudged rightfully to belong; but he is advised that he cannot safely pay the same but by the order and direction of this court.

At the trial before SARGENT, C. J., it appeared that the father of Charles L. Godfrey died February 10, 1834. Charles L. died November 12, 1853, and his mother, the said Mehitable, May 18, 1870. James M. Godfrey testified that he was a brother of Charles L. Godfrey; that his mother lived with him at the time of making her will; that she assisted Charles B. Godfrey after his father's death; that Charles L. left over $1,000 in bank stock, which he gave to his mother, who kept the same and gave it to Charles B. Godfrey, and that said Charles B. also had the furniture that his father left; that the widow of Charles L. Godfrey is still living, and owns a house and some other property at Epping, and that she was a Brown before she married; that his mother lived with Charles while he lived; but that Charles L. and his wife did not then live together.

The plaintiff offered to prove that the property which Mrs. Godfrey left came from her son, Charles L. Godfrey, the father of Charles B.; but this fact was denied by the defendant, who offered to prove that said property came from the estate of Mrs. Godfrey's husband and from her own earnings after her husband's decease.

The defendant offered to prove that, at the time the will was made by Mrs. Godfrey, she declared that it was her desire to have the will so made that if said Charles B. Godfrey died before arriving at the age of twenty-five years, the property should none of it go to the Browns (the family of Charles B.'s mother). The plaintiff denied this fact, and offered to prove that it was otherwise, if material, but objected to the evidence as incompetent.

The questions of law raised by this case were reserved.

*W. W. Stickney*, for the plaintiff, cited *Brown* v. *Brown*, 44 N. H.

281 ; *Felton* v. *Sawyer*, 41 N. H. 202 ; *Burleigh* v. *Clough*, 52 N. H. 267 ; 4 Kent's Com. 202–204 ; 1 Jarman on Wills 726, 349, 350, *n.*, 733–760, *n.* 1 ; *Henstead's case*, 3 Co. 19 ; *Hayward* v. *Whitley*, 1 Burr. 282 ; *Weedon* v. *Lea*, 3 T. R. 41 ; *Doe* v. *Moore*, 14 East 601 ; *Furness* v. *Fox*, 1 Cush. 134 ; *Shattuck* v. *Stedman*, 2 Pick. 468.

*G. Marston*, for the defendant, cited 2 Wms. on Ex'rs 1054, note M. ; *ib.* 1059, and cases cited in note G ; *Law* v. *Thompson*, 4 Russ. Ch. Cas. 92 ; *Watson* v. *Piper*, 5 Mylne & Craig Ch. 124 ; *Smith's Appeal*, 23 Pa. St. 9 ; *Seamer's case*, 3 Atk. 54 ; *Billingsley* v. *Wills*, 3 Atk. 219 ; 2 Redf. on Wills 224, secs. 18, 223, 233, and sec. 33, note 66 ; *Moore* v. *Smith*, 9 Watts 403.

Smith, J.   The question to be determined is, whether, under the fourth clause of the will of Mehitable Godfrey, her grandson, Charles Brown Godfrey, took a vested legacy, or whether the legacy was contingent depending on his attaining the age of twenty-five years.

In *Furness* v. *Fox*, 1 Cush. 136, the rule taken from 3 Woodeson 512 is laid down as follows : " If the time of payment merely be postponed, and it appear to be the intention of the testator that his bounty should immediately attach, the legacy is of the vested kind ; but if the time be annexed to the substance of the gift, as a condition precedent, it is contingent and not transmissible."

The same rule is stated by Bellows, J., in *Brown* v. *Brown*, 44 N. H. 283, in these words : " It is well settled that where the words of the bequest which look to the future apply to the substance of the gift, the vesting is suspended ; but if they appear to relate merely to the time of payment, the legacy vests at once upon the death of the testator."

The established rule of construction was further held, in *Brown* v. *Brown*, to be " that if the bequest be of a sum of money to the legatee ' *at* the age of twenty-one years,' or ' *if* or *provided* he arrive at that age,' then the interest is contingent, unless these terms are controlled by other parts of the will.   On the contrary, where the gift is of a sum of money to the legatee, ' payable' or ' to be paid ' at the age of twenty-one, the legacy vests immediately, and upon the legatee's death before that age goes to his representative."

The weight of authority in support of this view is so great that it cannot now be questioned.   *Felton* v. *Sawyer*, 41 N. H. 202 ; *Burleigh* v. *Clough*, 52 N. H. 267 ; *Shattuck* v. *Stedman*, 2 Pick. 468 ; 4 Kent's Com. 204.   The earlier English cases are cited and commented upon by Parker, C. J., in *Shattuck* v. *Stedman*, and in *Felton* v. *Sawyer* by Bellows, J., and they are uniformly in favor of the rule as here given.

The law favors vested in preference to contingent estates, if it is consistent with the intention of the testator.   *Burleigh* v. *Clough*, 52 N. H. 267 ; *Shattuck* v. *Stedman*, 2 Pick. 468.

Mehitable Godfrey, by the fourth clause of her will, bequeathed the residuum of her estate to Winthrop N. Dow, to be held in trust for her grandson, Charles B. Godfrey, until he should attain the age of twenty-

five years, at which time Dow was ordered to pay over and deliver to Charles B. the estate so held by him in trust. If the testatrix had stopped here, the case would present no difficulty. The estate is given to Dow in trust for the benefit of Charles B., and vests immediately upon her death, the trust-estate to cease when Charles B. shall attain the age of twenty-five, at which time it is to be paid over and delivered to the beneficiary. Time is not annexed to the substance of the gift as a condition precedent, but payment is postponed. Do the words added by the testatrix, " from and after that time to belong to the said Charles Brown Godfrey, his heirs and assigns forever," affect the construction that would otherwise be given this clause of her will ?

This property was given to the grandson through the intervention of a trustee. I think this language is not to be construed as indicating an intention to postpone the vesting of the legacy, but rather as declaring the intention of the testatrix that when the beneficiary should attain a given age, the property should, from and after that time, belong to him and his heirs and assigns, discharged from the trust-estate.

The general rule is, that a trust-estate is not to continue beyond the period required by the purposes of the trust. 4 Kent's Com. 204; *Player* v. *Nicholls,* 1 B. & C. 336; *Doe* v. *Simpson,* 5 East 162; *Doe* v. *Timmins,* 1 B. & Ald. 530. Although it was unnecessary, yet to remove the possibility of having a doubt, she was careful to add these words as expressing her intention to be in conformity to the general rule.

This view is confirmed by the provision that is made in the clause immediately following, which is in these words : " Provided, nevertheless, that if it shall be found necessary to expend any portion of said estate so holden by said Dow for the support of said Charles, then so much and no more may be so appropriated for his support until he shall attain the aforesaid age of twenty-five years." By the third clause in the will, thirteen hundred dollars in bank stock was bequeathed to the said Charles, without the intervention of a trustee, to be delivered to him when he should attain the age of twenty-one years. No question can possibly arise but that Charles took a vested legacy under this clause, payable upon his attaining a certain age. It seems to me that it was evidently the intention of the testatrix, on the one hand, to guard against the improvident use of her estate by her grandson, by fixing stated periods when he should come into possession of the same ; and, on the other hand, provision was made for extraordinary emergencies, should his necessities require it, by authorizing the trustee to expend such portion of the trust-estate (which must include principal as well as interest) as his wants might require.

This view is further confirmed by the fact that if the testatrix intended this to be a contingent instead of a vested legacy, no disposition by will is made of her estate in case of the failure of Charles to reach the prescribed age. If such had been her intention, she would hardly have failed to provide for such a contingency.

For these reasons I am of the opinion that the testatrix intended to make an immediate bequest to her grandson, but that the estate should

not go into his hands until he should reach the age of twenty-five years, when he should thenceforth hold it discharged of the trust.

The declarations of the testratrix as to her intentions, at the time the will was made, that the property should not go to the Browns, were not admissible.   Parol testimony cannot be received to supply or contradict, enlarge or vary, the words of a will, nor to explain the intention of the testator—*Shattuck* v. *Stedman*, 2 Pick. 469; 1 Redf. on Wills 496 ;   *Gale* v. *Drake*, 51 N. H. 78—except (1) where there is a latent ambiguity, arising *dehors* the will, as to the person or subject-matter meant to be described, and (2) to rebut a resulting trust.   *Mann* v. *Mann*, 1 Johns. Ch. 231, cited in 1 Redf. on Wills 501 (ed. of 1864), sec. 9.   And courts will look at the circumstances under which the devisor makes his will,—as the state of his property, of his family, and the like.   See Jarman's 10th General Rule in 1 Redf. on Wills 426, note 6, and authorities cited, for the purpose of enabling the court to identify the person or thing intended by the testator, or to determine the quantity of interest he has given by his will.   See Wigram's 5th Proposition, in 1 Redf. on Wills 503, note 16.

CUSHING, C. J.   It appears from the will that the testratrix intended to dispose of her whole property, because the clause which we are seeking to interpret was a residuary clause.   It also appears that she had distinctly in her mind her son James, the only personal representative, excepting her grandson, mentioned in the will.   She gave this personal representative a small bequest, showing thereby that, although she did not intend to pass him over, he was not a special object of her bounty.

The bequest is expressly given to the trustee for the grandson, and, if necessary for his comfort, may be wholly expended for him by the trustee before he reaches the age of twenty-five.   At that age it is to be paid to him, and from and after that time to belong to the said Charles Brown Godfrey, his heirs and assigns forever, *i. e.*, as I understand it, no longer to be under the control of a trustee, but subject entirely to his control.

Having so disposed of this fund, it was quite natural that she should stop there without considering the possible doubts which might be raised if her grandson should not reach the age of twenty-five years. But if her intention had been to make his reaching the age of twenty-five years a condition precedent to the vesting of her legacy, the contingency of his death, before that time, must have been distinctly in her mind ; and it is to me incredible that she should have forgotten to have given the remainder over.

These considerations, all suggested by the will itself, appear to me conclusive of its construction.   The intention of the testratrix, then, being that " her bounty should attach immediately, the legacy is of the vested kind," according to the rule in 3 Woodeson 512, cited with approbation by METCALF, J., in *Furness* v. *Fox*, 1 Cush. 136.

It is urged that the circumstances, proved and sought to be proved

by extrinsic evidence, show that the testatrix *intended* otherwise. In Redfield's American Cases upon the Law of Wills 601, the rule in regard to the admission of *extrinsic oral proof*, as deduced by him from the most recent judicial expositions of the subject, is expressed as follows : " It is simply this, that the *language* used must define the import of the instrument, without the admission of any extrinsic evidence of the *intention* of the testator in the use of such terms as his will is expressed in, except in the single case of there being two objects or persons to whom the language of the will applies *with legal certainty*, so that either might be justly regarded as coming within the terms of the instrument, if it were not for the other."

There is nothing, however, ambiguous in the terms of this will. There is no doubt about the meaning of the words, and no testimony is offered tending to show that the words were used by this testatrix in any sense different from their ordinary acceptance, or tending to show any latent ambiguity, or taking the case out of the rule excluding parol testimony, as above expressed.

For these reasons, which I have endeavored to express as briefly as possible, I concur in the opinions already expressed. *Felton* v. *Sawyer*, 41 N. H. 202, *Brown* v. *Brown*, 44 N. H. 281, *Burleigh* v. *Clough*, 52 N. H. 267, are all cases in which the rule given above, from Woodeson, is recognized, and its application illustrated.

LADD, J.   I am of the same opinion.   I cannot discover anything in the language of the residuary clause in this will to raise a doubt that the interest of Charles B. Godfrey was vested and not contingent. On its face, the gift is absolute and unqualified, so far as regards the trustee,—the time of its taking effect, even, by possession in him, not being postponed.   The clause, as to the time when the principal sum should be paid over to the *cestui que trust*, can be regarded in no other light than a direction to the trustee with reference to the execution of the trust, and most distinctly and unequivocally relates to the time of payment, and not to the substance of the gift.

I see nothing in the situation of the property or the relations of the testatrix, as shown or offered to be shown at the trial, inconsistent with her intention thus clearly expressed in the will,—certainly, nothing which can be allowed the effect to control the unambiguous language there found.

I have looked into a large number of the numerous cases bearing more or less directly upon the question here, including those to which our attention has been called by counsel, and have been unable to find anything which would warrant us in holding that this legacy lapsed upon the death of Charles B. Godfrey before arriving at the age of twenty-five.

It has been urged that the latter part of the clause under consideration shows an intention that the legacy should not vest until Charles

B. Godfrey arrived at the age of twenty-five. The language is,—"At which time I order and direct the said Winthrop N. Dow to pay over and deliver to the said Charles Brown Godfrey all and singular the estate so by him held in trust as aforesaid, from and after that time to belong to the said Charles Brown Godfrey, his heirs and assigns, forever." This is to be considered in connection with what precedes it, namely, an absolute and unqualified gift to Dow in trust for Charles B. Godfrey. And, looking at the whole together, if we give the language its strict legal effect, it is entirely consistent with an intention that the legacy should vest immediately, according to the terms of the will. It amounts to no more than a provision that the legal title and possession should at that time vest in Charles B. Godfrey, together with the equitable title which had been in him all the time after the testator's death.

*Brown* v. *Brown*, 44 N. H. 281, seems quite in point, and the authorities there referred to furnish ample illustration of the rule to be applied.

The parol evidence offered, as to the actual intention of the testatrix that the property should not go to the Browns in case Charles B. Godfrey died before coming to the age of twenty-five, was clearly inadmissible.

*The plaintiff is entitled to recover the sum of $1,251.25 and interest, less the defendant's proper charges for the custody and care thereof.*