COÖS.

---

TYLER *v.* FLANDERS *and* YOUNG.

Where there are two selectmen there is a legal board.

TROVER, for a horse.   (Reported in 57 N. H. 618.)   The conversion complained of was the sale of the plaintiff's horse by a collector of

taxes, on a tax warrant issued by the defendants and one Hibbard, who was a defendant until his death, which occurred before the last trial had at the February Term, 1877. The present defendants were selectmen *de facto* and *de jure*, and Hibbard was a selectman *de facto*. The defendants and Hibbard acted jointly as a board of selectmen in assessing taxes, appointing the collector, and issuing the warrant. The plaintiff contends that Hibbard, by reason of alienage, was not a selectman *de jure*. The only question of fact was, whether Hibbard's father was born in the United States or in Canada; and the jury found he was born in Canada. The defendants moved for judgment, notwithstanding the verdict.

*Dudley*, and *Ray, Drew & Jordan*, for the defendants.

*Aldrich* and *Ladd*, for the plaintiff. Where any one, having seized the goods of another, attempts to justify the seizure as a public officer, he must show a title to the office strictly legal. *Brewster* v. *Hyde*, 7 N. H. 206; *Blake* v. *Sturtevant*, 12 N. H. 567; *U. S.* v. *Morris*, 2 Brock. 96; *Fetterman* v. *Hopkins*, 5 Watts 539; *Schlenckler* v. *Risley*, 3 Scam. 483; *Cummings* v. *Clarke*, 15 Vt. 653; *McGregor* v. *Balch*, 14 Vt. 435; *Colburn* v. *Ellis*, 5 Mass. 427; *Bearce* v. *Fassett*, 34 Me. 575; *Allen* v. *Archer*, 49 Me. 351; Blackwell on Tax Titles 95, 96.

Hibbard, being an alien, was disqualified, and his election was void. 2 Kent Com. 54; *Albany* v. *Derby*, 30 Vt. 718; *Lyndon* v. *Danville*, 28 Vt. 809; 1 Dillon Mun. Corp., *s.* 135; *Spear* v. *Robinson*, 29 Me. 531, 541; 38 Me. 547.

The statute provides that three or more selectmen shall be chosen, and that a majority may act. Gen. St., *c.* 37, *s.* 2. Two selectmen do not constitute a board. Until there is a board, there can be no majority. *Williamsburg* v. *Lord*, 51 Me. 599; *Sanfason* v. *Martin*, 55 Me. 110; *Mitchell* v. *Holderness*, 34 N. H. 213; *Palmer* v. *Conway*, 22 N. H. 144, 148, 149; *Petition of Nashua*, 12 N. H. 425, 428; *Pike* v. *Hanson*, 9 N. H. 491; *Schenck* v. *Peay*, 1 Woolw. 175, 187; 1 Binn. 481; 9 B. & C. 648; Co. Lit. 181, *b;* Blackwell on Tax Titles 111; Cooley on Taxation 550, 552.

The provisions for filling vacancies, and allowing the major part of those who remain in office to warn meetings in case of the death or removal of any of the selectmen, show that the board consists of not less than three. Gen. St., *c.* 39, *s.* 1; *c.* 35, *s.* 8.

DOE, C. J. The purchaser of the horse acquired a good title. *Smith* v. *Messer*, 17 N. H. 420, 429. The collector is not liable for taking and selling the horse. *Roberts* v. *Holmes*, 54 N. H. 560. As between the plaintiff and the town, the plaintiff's tax was legally assessed and legally collected. The town can keep the money. Hibbard being a selectman *de facto*, his official title cannot be questioned, in suits between such third persons as the plaintiff and the purchaser, the plaintiff and

the collector, the plaintiff and the town. And the question is, not whether Hibbard was liable, but whether the present defendants, acting discreetly and in good faith, each having an official title that is not disputed, are liable, with no protection or indemnity (*Wadsworth* v. *Henniker*, 35 N. H. 189), for all the taxes collected on the warrant, by reason of the unknown alienage of a third person, their associate selectman *de facto*. The act of Feb. 8, 1791 *(ss.*, 3, 6, 11, 22), requires the election of three or more selectmen at the annual meeting; authorizes the town to fill vacancies at any meeting; empowers the major part of the selectmen remaining in office to call a town-meeting for the purpose of filling vacancies, when, by reason of death or removal of selectmen, the major part of the number originally chosen do not remain in office; and makes the major part of the selectmen competent to act in all cases. The construction of this act and subsequent acts on the same subject, settled by usage, is, that when there are two selectmen there is a legal board. If the established practical construction is theoretically wrong, the case is one of a class in which it is proper to act upon the maxim that common opinion and common practice may be accepted as conclusive evidence of what the law is. Hibbard's alienage is an irrelevant fact. The verdict was on an immaterial question. Whether there is any other ground of defence, we need not inquire.

*Judgment for the defendants.*

BINGHAM and ALLEN, JJ., did not sit.