GAFNEY, *Ex'r*, v. KENISON & *a.*

Where a testator directed that an ample sum of money be put in some
savings-bank, the income to be sufficient to keep his burial-lot in good
condition and enlarge the same if necessary, the court, at the trial
term, upon a bill in equity by the executor for instructions, may fix
the sum to be so invested.

A provision in a will that the income of a certain fund shall be applied
for the relief of the most destitute of the testator's relatives is not
void for uncertainty, but a charitable trust is thereby created, to be
executed by the executor according to his discretion, under the super-
vision of the court.

A direction by the testator, that certain legacies be set off to the legatees
in real estate by three experienced and disinterested persons, will be
upheld; and if the parties interested do not agree upon the persons to
make the set-off, the court will appoint.

Questions which have not yet arisen in the course of administration will
not ordinarily be considered by the court; but a further application
for direction may be made by the executor, if necessary, when they do
arise.

BILL IN EQUITY, by the executor of the will of Josiah Thurston, for direction as to certain clauses of the will. Section 10 contains the following: "I give and devise to my beloved brother William Thurston, the sole use of the farm he now occupies, for the term of his natural life, and after his decease to his son, Josiah W. Thurston, during the term of his natural life, and after his decease I give and devise the same to his oldest child." The farm consisted of two tracts in Effingham about a mile apart. There was also a piece of meadow-land, about eight acres, in Freedom, two miles away, occupied as part of the farm at the date of the will. Does the devise cover the meadow-land? Does the estate go to the oldest child of Josiah W. Thurston, who was living at the death of the testator, or to the oldest child who may be living at the death of Josiah W.?

In section 15 the testator directed his executors to put in some savings-bank "an ample sum of money, the income of which sum always to be sufficient to keep said lot [burial-lot] in good condition, and to enlarge the same if necessary." What is "an ample sum of money"? Does the language warrant the investment of any sum for the purpose named?

Section 18 authorizes the executor to sell real estate, at public or private sale, to pay legacies, without license from the probate court.

Section 19 directs that all the residue of the estate be sold "as above provided," the proceeds safely invested, and the interest applied for the term of ten years "for the relief of the most destitute of my relatives not to extend beyond the children of my brothers and sisters and their families."

The codicil provides that any part or the whole of the legacies made by the will or codicil "may be set off to the legatees in real estate instead of money, if my said Executors think it for the best interest of my estate . . . said set-off to be made by three experienced and disinterested persons." Can the legacies be set off in real estate? Who shall designate the men to set off the same?

*Worcester & Gafney* and *A. L. Foote*, for the plaintiff.

*E. A. & C. B. Hibbard, D. R. Hastings*, and *F. Weeks*, for the defendants.

BLODGETT, J. 1. The devise of the William Thurston farm includes the meadow-land. It was generally known as a part of the farm when the will was executed, and the fair presumption is that the testator so regarded it. Moreover, if there is any doubt on this point, the donees are entitled to the benefit of it. *Parsons v. Winslow*, 6 Mass. 173.

2. The question in whom the title of the farm will vest upon the decease of Josiah W. obviously does not concern the executor, and

therefore is not properly before the court, and cannot be considered.   *Hodgdon* v. *Darling*, 61 N. H. 582.   The object of a bill of this kind is to instruct the trustee in his duties for his protection. *Greeley* v. *Nashua*, 62 N. H. —.

3. The executor has authority to complete the burial-lot.   *Bell* v. *Briggs*, 63 N. H. 592.

By " an ample sum of money," the testator meant a sum large enough so that the income of it would forever be sufficient to keep his lot in repair, and enlarge it if necessary.   The language used is sufficient for these purposes, and the sum of money to be invested is reasonably capable of ascertainment.   The amount to be invested may be determined at the trial term.   Limiting the answer to the question of the sufficiency of the language to warrant the investment, as we do, it is unnecessary to go further.

4. Section 18 of the will empowers the executor to sell so much of the testator's real estate at public or private sale, without license from the probate court, as he may deem advantageous and for the best interests of the estate, for the purpose of paying any or all the legacies given in preceding sections.   This is what the section says in plain words, and there is no ground for any other construction.

The words " as above provided," in section 19, refer to the authority conferred by section 18, and mean that the executor may sell without license from the probate court, and at public or private sale.

5. The provision that the proceeds of the sales made under the preceding part of section 19 shall be safely invested and the income thereof be applied by the executor for the relief of the most destitute of the testator's relatives, etc., may be considered as creating a charitable trust, to be administered by the executor according to his discretion, under the supervision of the court.   2 Perry Trusts (3d ed ) *s*. 699, and authorities cited.   Anciently such a trust would have been held void for uncertainty ; indeed, *Webb's Case*, 1 Rolle 609, is directly in point, it having there been held that if a man devise to twenty of the poorest of his kindred, this is void for the uncertainty who may be adjudged the poorest.   But at the present day the mere uncertainty of the persons, until they are ascertained, is no ground for avoiding the will.   1 Redf. Wills (2d ed.) *685, *686.   Modern decisions to the contrary may be found (see 1 Jar. Wills, 5th Am. ed., *note*); but an examination of the authorities generally will show that in modern times instances of testamentary gifts being rendered void for uncertainty have been of much less frequent occurrence than formerly, and that courts are now quite uniformly reluctant to admit uncertainty as a ground for avoiding the formal disposition of property.

The trust thus created by the testator is confined and limited by the language itself to such of his relatives as are not more remote than nephews and nieces and their families.   By " the most destitute of my relatives " the testator meant those comparatively most

destitute; and by "their families" he intended his brothers and sisters, their wives and husbands, and his nephews and nieces, their wives, husbands, and children. Who are relatively the most destitute legatees, to what extent they are severally to be relieved, and whether the relief is to be furnished in money or otherwise, must be determined by the executor, subject to the control of the court. More specific answers or more definite instructions cannot now be given; but if in the execution of the trust additional instructions become necessary in the opinion of the executor, or if any of the relatives embraced in the trust deem themselves aggrieved in the manner of its administration, application may be made to the court at any time, and further instructions will be given.

6. Inasmuch as the proceeds of the sales under section 19 are not to be divided until the expiration of the term of ten years, there is no occasion at this time to consider the numerous questions propounded by the executor as to the division of such proceeds, and his duties in connection therewith; and we decline to consider them. See *Hodgdon* v. *Darling. supra.* It is within the province of courts to decide upon the rights of parties as they exist in the present, but it is not within their province, nor will they assume jurisdiction, to decide in advance what such rights may be in the future.

7. Real estate may be set off to the legatees as provided in the last clause of the codicil. The "three experienced and disinterested persons" therein referred to may be agreed upon by the parties in interest, or if they fail to agree the appointment will be made by the court upon due application.

*Case discharged.*

SMITH, J., did not sit: the others concurred.