PARKER & *a.*, *Ex'r*, *v.* LEACH & *a.*

A legacy to each of the children of L., " begotten by him during his natural life," to be paid when they severally arrive at the age of twenty-one years, vests at the death of the testator in such of them as are then living, and in after born children at their birth.

BILL IN EQUITY, for direction under a will. The plaintiffs are executors of the will of David S. Leach, made April 24, 1877, which contained among others the following bequests:

" 3d I give, bequeath and devise unto the sons of David R. Leach, begotten by him during his natural life, my undivided half of a certain parcel of land with the brick buildings thereon called the Martin Block . . . to have and to hold the same to them and their heirs and assigns in equal shares, subject to the following legacy—

" 4th I give, bequeath and devise to the daughters of David R. Leach, begotten by him during his natural life, the sum of five hundred dollars each, to be paid in one year from my decease from the income of said Martin Block "—

January 19, 1878, the testator made a codicil to his will containing the following:

" I hereby revoke item 3d in said will devising to the sons of David R. Leach one undivided half of Martin's Block, and in lieu of said legacy I give and bequeath unto said legatees the sum of one thousand dollars each and no more, payable on their arriving at the age of twenty-one years respectively, without interest.

" I hereby revoke and strike out of item 4 the words 'out of the income of said Martin's Block,' being the last eight words in said item.

" I also revoke so much of said item as relates to the time of the payment of said legacies, and instead thereof I direct that the same be paid when the legatees arrive at the age of twenty-one years respectively."

The residuary clause gave all of the estate undisposed of to the trustees of funds for a certain charity, upon condition that the trustees should serve without compensation in the execution of

their trust; and in case of the failure of said legacy by reason of that condition, the residue is given to another charity.

David R. Leach is living, fifty-one years of age, and married. There have been born to him eight children, both sons and daughters;—one, born February 25, 1876, died shortly after birth; one, George B. Leach, born November 8, 1863, died November 24, 1878. The testator died April 1, 1878. One child, a daughter, has been born to David R. Leach since the testator's death.

The executors have performed all the duties imposed upon them except the payment of the legacies to such of the sons and daughters of David R. Leach as have not attained the age of twenty-one years and such as may hereafter be born to him, and the payment of the residue of the estate to the party entitled. They ask the direction of the court in the further administration of the estate:

1. Whether, under said will and codicil, sons or daughters of David R. Leach, born after the death of the testator, are legatees.

2. Whether the daughters of David R. Leach are entitled to interest on the legacy of $500 each, and if so, from what time.

3. Whether, if any son or daughter should die before attaining the age of twenty-one years, the legacy would lapse, or would pass to the heirs of such child.

4. Whether the son of David R. Leach, who died before the testator, is entitled to any legacy; and as to the duty of the executors in relation to the residue of the estate.

*N. P. Hunt,* for the plaintiffs.

*J. W. Fellows,* for the defendants.

BINGHAM, J. It was the intention of the testator in his will, as modified by his codicil, that each son of David R. Leach, whether begotten before the testator's death or afterwards, should be paid out of his estate the sum of $1,000, payable to each on his arrival at the age of twenty-one years, without interest, and to each daughter begotten by said David R., either before or after the death of the testator, the sum of $500, payable when each should arrive at the same age, and that neither the legacies to the sons nor the daughters should carry interest till after they were payable; and they do not.

These legacies vested in the legatees living at the death of the testator, payable as provided in the will, and in those born subsequent to his death, at their birth, to be paid when they became twenty-one. *Felton* v. *Sawyer,* 41 N. H. 202; *Brown* v. *Brown,* 44 N. H. 281, 283; *Ordway* v. *Dow,* 55 N. H. 11; *Benton* v. *Benton, ante, p.* 169.

The testator intended, if a son or daughter should die before his death, that the legacy should lapse, but that no legacy to a legatee living at his death, or to one born subsequently thereto, should lapse if such legatee should die after the death of the testator and

before arriving at the age of twenty-one years, because the legacy having vested it would pass to the heirs of such legatee.

It was also the testator's intention that the portion of his estate left after meeting the previous requirements of his will should pass to certain trustees, on the condition that they serve without compensation. When this shall be accomplished the trustees will become residuary legatees.

The legacy to Ethel M. Leach, the youngest child, will not become payable till September 22, 1899; and it is understood that David R. Leach, of Litchfield, is now living, and that sons and daughters may yet be begotten by him. The executors may settle their accounts and pass the remaining estate to the trustees, subject to the payment of all legacies which now or which may hereafter exist under the will, on the trustees' furnishing bonds to the executors to pay these legacies and save them harmless from not paying the same.

BLODGETT, J., did not sit: the others concurred.