Merrimack,
Dec., 1894.

STEVENS, *Tr.*, v. DOUGLASS *& a.*

A bequest in trust, the income thereof to be paid to D. during his life, and
at his decease the principal to be divided among his children as they shall
severally attain the age of twenty-one years, vests in the surviving chil-
dren upon the decease of D.; and the subsequent income is payable to the
guardian of the minor children as soon as collected by the trustee.

BILL IN EQUITY, by the trustee under the following clause of
Marion D. Lake's will, praying for direction in the execution of
the trust: "As to all the residue and ren_inder of all my es-
tate of every kind, I give, devise, and bequeath the same unto
the said Henry J. Crippen, to hold the same in trust for the ben-
efit of John Douglass of Lancaster, aforesaid. To have the care
and control of, and keep the same properly invested and pay
over the income thereof to the said John Douglass during his
natural life, and at his decease to pay over the principal of said
fund to his surviving children, in equal portions, as, and when
they shall severally attain the age of twenty-one years, free from
said trust." The plaintiff is the successor of Crippen in the
trusteeship. The testatrix was a resident of this state at the
time of her decease. The residue of her estate consisted of per-
sonal property and a piece of real estate situated in Concord.
John Douglass, a resident of Canada, died in May, 1893, leaving
a widow and eight children, the oldest of whom was fourteen
years old. Direction is sought upon the following points: (1)
Can the plaintiff rightfully pay the Douglass children or their
guardian, during their minority or at the time they become
twenty-one years old, the income of the trust fund; and if not,
to whom shall it be paid? (2) If any child should die before
becoming twenty-one years old, to whom would his share of the
trust fund go? If its disposition would be governed by laws of

distribution, which laws would operate,— those of his domicile at the time of his decease, those of his domicile at the time of John's decease, or those of the domicile of the testatrix?

*Lyman D. Stevens,* for the plaintiff.

*Leach & Stevens,* for the Douglass children.

Chase, J.   The beneficiaries of the trust fund are John Douglass and his eight surviving children; together they take the whole of the fund and its income.   John's interest was the income arising from the fund during his life.   Immediately upon his decease the fund became vested in his surviving children, although it was not to be paid over to them until they should severally attain the age of twenty-one years.   *Brown* v. *Brown,* 44 N. H. 281; *Ordway* v. *Dow,* 55 N. H. 11; *Crosby* v. *Crosby,* 64 N. H. 77; *Sanborn* v. *Clough,* 64 N. H. 315; *O'Brien* v. *O'Leary,* 64 N. H. 332, 333; *Parker* v. *Leach,* 66 N. H. 416; *Hall* v. *Wiggin,* 67 N. H. 89, 91.   The subsequent income passed with the property to the children, but the time of its payment was not postponed like that of the principal.   The reasonable inference from this circumstance is, that the testatrix intended it should be payable as soon as collected by the trustee.   That which arises before the children become twenty-one years old may properly be paid to their guardian.   *Sanborn* v. *Clough,* 64 N. H. 315, 320.

It is unnecessary to consider the second question at this time. The contingency that will require an answer to it may never happen.   It is, at least, doubtful if the court has power to give an answer that will bind the parties.   *Hodgdon* v. *Darling,* 61 N. H. 582; *In re School-Law Manual,* 63 N. H. 574.   If facts hereafter occurring render an answer necessary, another application therefor can be made.   *Gafney* v. *Kenison,* 64 N. H. 354.

*Case discharged.*

All concurred.