Strafford, }
Dec., 1897. }

PARKER, *Adm'r, v.* ROSS *& a.*

69   213
70   153
f70  441

Under a devise to D for life, remainder in four equal shares to S and the children of three deceased sisters of the testator, and in the event of the death of the children of any sister their portion to be divided equally among the other legatees, the children take a vested remainder, liable to be divested by their death during the continuance of the life estate.

Where the devisee of the particular estate refuses to accept it, a vested remainder is accelerated and takes effect in possession immediately upon the death of the testator.

BILL IN EQUITY, for the construction of the will of Richard N. Ross, of whose estate the plaintiff is administrator, with the will annexed. The will is as follows:

"(1st) I give and devise unto my beloved wife, Dorcas W. Ross, all the property I possess . . . for her support and maintenance as long as she lives; at her decease, the remainder thereof . . . shall be divided into four equal parts, and given as follows:

"(2nd) I give and devise one fourth part to my sister, Sarah A. Dutton.

"(3rd) I give and devise one fourth part to the children then living of my deceased sister, Mary Ewell.

"(4th) I give and devise one fourth part to the children then living of my deceased sister, Harriet P. Smith.

"(5th) I give and devise one fourth part to the children then living of my deceased sister, Margaret J. Rennie.

"If there should not be any of the children of either of my

deceased sisters living, their portion shall be divided equally among the other legatees."

The testator's widow, his sister Sarah, and a child of each of the three deceased sisters are living. Dorcas waived the provisions of the will and took, under the statute, one half of the estate. The estate consists of both real and personal property. The questions upon which the plaintiff is in doubt and submits to the court are (1) whether the remainder to the children of the deceased sisters is vested or contingent, and (2) whether their legacies are due and payable now, or not until the decease or Dorcas.

*Hall & Hall,* for the plaintiff.

*Frank E. Carpenter* (of Massachusetts), for the defendants.

CARPENTER, C. J. A remainder contingent in terms will be held vested if such was the intention of the testator. *Wiggin* v. *Perkins,* 64 N. H. 36. Thus, under a devise to the testator's wife for life, if she shall so long continue to be his widow, and, in case she marries, to A in fee, A takes a vested remainder. Fear. Rem. 5, Butler's note d; *Brown* v. *Cutter,* T. Raym. 427; *Bates* v. *Webb,* 8 Mass. 458; *Kennard* v. *Kennard,* 63 N. H. 303, 309, 310. So under a devise to A for life, remainder to her children if any she has, and if she has none, to B, B takes a vested remainder subject to be divested by the birth of a child to A. *Vandewalker* v. *Rollins,* 63 N. H. 460; *Cole* v. *Society,* 64 N. H. 445, 457, 458. The will in this case is, in effect, the same as if it read as follows: I give one fourth to the children living at Dorcas' decease of each of my three deceased sisters, and if no children of any one of them shall be then living, I give their portion to the other legatees. Under a devise expressed in similar terms, it has been held in numerous cases that the children take a vested remainder liable to be divested by their death prior to the death of the life tenant. Hawk. Wills 240–242; Will. Ex. 1246–1248; *Doe* v. *Nowell,* 1 M. & S. 327; *Bromfield* v. *Crowder,* 1 B. & P. N. R. 313; *Doe* v. *Moore,* 14 East 601; *Phipps* v. *Ackers,* 9 C. & F. 583; *Doe* v. *Ward,* 9 A. & E. 582; *Doe* v. *Hopkinson,* 5 Q. B. 223; *Finch* v. *Lane,* L. R. 10 Eq. 501; *Andrew* v. *Andrew,* L. R. 1 Ch. Div. 410; *Roome* v. *Phillips,* 24 N. Y. 463; *Farnam* v. *Farnam,* 53 Conn. 261; *Nodine* v. *Greenfield,* 7 Paige 544; *Williamson* v. *Field,* 2 Sandf. Ch. 533.

"Where a remainder is so limited as to take effect in possession, if ever, immediately upon the determination of a particular estate, which estate is to determine by an event which must unavoidably happen by efflux of time, the remainder vests in interest as soon as the remainder-man is in *esse* and ascertained;

provided nothing but his own death before the determination of the particular estate will prevent such remainder from vesting in possession.   Yet if the estate is limited over to another in the event of the death of the first remainder-man, before the determination of the particular estate, his vested estate will be subject to be divested by that event, and the interest of the substituted remainder-man, which was before either an executory devise or a contingent remainder, will, if he is in *esse* and ascertained, be immediately changed into a vested remainder."  *Moore* v. *Lyons*, 25 Wend. 119, 143; *Blanchard* v. *Blanchard*, 1 Allen 223, 227.

In *Hall* v. *Nute*, 38 N. H. 422, 424, and *Hayes* v. *Tabor*, 41 N. H. 521, 527, 528, it was held that by a devise to A for life and after A's death to B, the latter has a contingent remainder. This cannot be sound.   An examination of the only case cited in support of the proposition (*Doe* v. *Holme*, 2 W. Bl. 777,—*S. C.*, 3 Wils. 237) shows that the case was misunderstood.   The devise in that case was to J for life from and after the death or " viduity " of the testator's wife, and to the heirs lawfully to be begotten of J's body from and after his decease forever; but if he should leave no lawful issue, then to E and her heirs and assigns forever,— the heirs of J or E, as the case might be, to make certain payments to others.   J never had issue.   It was held that the remainder limited to the heirs of J was a good contingent remainder in fee depending upon a freehold, and that the remainder over in fee to E was also contingent.   The first remainder was contingent because J had no issue in being and it was uncertain whether he would ever have any, and the second was contingent because it was uncertain whether the event upon which it was to vest would ever happen.   2 Bl. Com. 169; Fear. Rem. 9.   *Hall* v. *Nute* and *Hayes* v. *Tabor*, so far as they substituted an arbitrary rule of interpretation for one making the ascertainment of the testator's intention the guide in the construction of a will, were overruled in *Kennard* v. *Kennard*, 63 N. H. 303, 311.   See, also, 2 Wash. R. P. (4th ed.) 548, n.

In the case at bar there must have been persons in being who answered the description, " children . . . of my deceased sister."   Those now living are certain to take unless they die in the lifetime of Dorcas.   The testator provided for the contingency of the death of all the children of either sister before the death of Dorcas, by giving their portion to the other legatees. The interests of the children now living are vested, but are liable to be divested by their death before that of the life tenant.

A vested remainder, in case the devisee of the particular estate refuses to accept it, is accelerated and takes effect in possession immediately upon the death of the testator.   *Yeaton* v. *Roberts*, 28 N. H. 459; *Hall* v. *Smith*, 61 N. H. 144; *Jull* v. *Jacobs*, L. R. 3 Ch. Div. 703.

The property devised consists of personal and real estate. The testator's intention is clear that both should take the same course; and effect must be given to this intention. The legacies are now due and payable.

*Case discharged.*

All concurred.