Merrimack, }
  Dec., 1899. }

### DANA, *Ex'r*, v. SANBORN & *a.*

Where a will provides that an estate shall be held in trust for the benefit of G for life, remainder for the benefit of his children, and in case G should die without issue, remainder to persons named discharged of all trusts, the latter take a vested remainder, subject to be divested upon the birth of a child to G.

In such case the trust terminates upon the death of G without issue, and the trustees have no authority to further administer it by a sale of real estate.

Under a devise in remainder "to my following named nephews and nieces, their respective heirs and assigns," the legal representatives of a devisee who died during the continuance of the life estate are entitled to share.

BILL IN EQUITY, by the surviving trustee under the will of Shadrach Seavey, for the interpretation of the will and directions as to the distribution of the estate. He devised the residue of his estate to his executors, in trust for the following purposes:

First. To manage and carry on the estate.

Second. To pay over the net income thereof to his son Gilbert during his life.

Third. "After the decease of my said son, to hold said property for the benefit of his children who may survive him."

Fourth. "In case my said son shall die without issue surviving him, or in case all said children shall die before arriving at the age of twenty-one years without issue surviving them, then all said rest, residue, and remainder to go to my following named nephews and nieces, their respective heirs and assigns, in equal shares, discharged of all trusts."

January 8, 1899, the testator's son Gilbert died, leaving no issue surviving him, and never having had any. Prior to January, 1899, five of the nephews and nieces named in the will died. The plaintiff asks instructions as to the following particulars:

First.   Whether the real estate of the testator can properly be sold by an executor or executors, or whether upon the death of said Gilbert H. Seavey it vested immediately in such nephews and nieces as are beneficiaries ?

Second.   Whether, if it can be thus sold, the surviving executor can sell and give an executor's deed of the same, or whether a co-executor should be appointed to join in the execution of such a deed?

Third.   Whether the distribution of said estate should be made among the ten nephews and nieces who have survived the said Gilbert H. Seavey, or whether such distribution should also include the heirs or legal representatives of the five persons named, who had previously deceased?

*Sylvester Dana*, for the plaintiff.

*David F. Dudley*, for Ruth L. Sanborn and Alvira Sanborn.

*Charles S. Aldrich* (of New York), for Nellie D. Aldrich.

WALLACE, J.   It has recently been determined that under a devise to A for life, remainder to his children if any he has, and if he has none to B, B takes a vested remainder, subject to be divested by the birth of a child to A.   *Vandewalker* v. *Rollins*, 63 N. H. 460; *Cole* v. *Society*, 64 N. H. 445, 457; *Parker* v. *Ross*, 69 N. H. 213.   Here the testator devised the residue of his estate to his executors, to hold it in trust for the benefit of his son for life, remainder "for the benefit of his children who may survive him," and in case the son "shall die without issue surviving him, or in case all said children shall die before arriving at the age of twenty-one years without issue surviving them, then all said rest, residue, and remainder to go to my following named nephews and nieces, their respective heirs and assigns, in equal shares, discharged of all trusts."   The case at bar is not distinguishable from *Vandewalker* v. *Rollins* and *Cole* v. *Society*, and is governed by the doctrine enunciated in those cases.   The son Gilbert having no child at the death of the testator, the estate immediately vested in the nephews and nieces named in the will, subject to be divested upon the birth of a child to Gilbert.   The nephews and nieces would have taken the property at any time after the death of the testator upon the termination of the life interest, by the death of Gilbert without issue surviving him.   The trust estate having vested as to title in the nephews and nieces named in the will, and never having been divested, upon Gilbert's death with-

out issue surviving him vested in them in possession, as it previously had in interest.

The language employed by the testator in providing that the remainder should go " to my following named nephews and nieces, their respective heirs and assigns, in equal shares," indicated his intention that a particular share of the property should belong to each one of those named and their representatives, if they took under the will, and not that the survivors upon the son's death should take the whole estate. The terms used by the testator show that it was his purpose to secure to the heirs or representatives of each deceased nephew or niece his or her share in the remainder. There are no words to indicate that he desired only those of his nephews and nieces who survived his son should take the estate. If such had been his wish, he would have used language expressing that purpose and would not have employed terms inconsistent therewith.

The trust having terminated upon the death of the son, there is no occasion for the trustee to further administer it by selling the real estate, and therefore no occasion to determine whether, if it was to be sold, it could be done by the surviving trustee. He has no further duties as to the real estate, and there is no occasion to advise as to the disposition thereof. The trust estate having vested upon the testator's death in the nephews and nieces named in the will, and not having been subsequently divested, the personal property belongs in equal shares to those who are now living and the legal representatives of those who have deceased.

*Case discharged.*

PIKE, J., did not sit : the others concurred.