Hillsborough, }
June 27, 1913. }

JOHN ABBOTT, *Trustee, v.* SABINA C. LEWIS *& a.*

Where a will gives a pecuniary legacy to the wife of the testator and requests her to pay certain annuities, and in a subsequent clause directs trustees to pay the income of the residue to her during life and thereafter to divide the principal among legatees, the failure of the wife to comply with the provisions of the first clause gives the annuitants no claim upon the latter fund.

A bequest intended as an absolute gift, the time for payment only being postponed, vests upon the decease of the testator and is payable to the representatives of a legatee who survived the testator, but died prior to the time for distribution.

A legacy to "the granddaughter of my brother" is payable to the only person answering that description of whom the testator is shown to have had knowledge, and parol evidence is admissible for the purpose of identifying such legatee.

A legacy to a servant, conditioned upon her employment until the decease of the testator's widow, is not defeated by the legatee's temporary absence on account of illness, without a definite termination of the service.

The counsel, treasurer, and general agents of a mercantile corporation are not entitled to share in a legacy to "employees" in the service of the company, especially when such officials, with one exception, received substantial bequests under the same will; but a stenographer is clearly an employee, and is not excluded from participation in the general fund by the fact that she was given a specific legacy.

PETITION, by the trustee under the will of Owen J. Lewis. Facts found by a master. Transferred without a ruling from the January term, 1913, of the superior court by *Pike*, J. The material portions of the will are as follows:

"First: To my wife, Clara E. Lewis, the sum of twenty thousand dollars. . . . I request my wife to pay to my brother, Noah A. Lewis, the sum of fifty dollars per month, and in the event of his death said sum to be paid his wife Levina Lewis, such payments to be made during the life of my said wife unless sooner terminated by the death of said beneficiaries, provided my wife shall not thereby sacrifice her comfort or support." This clause also contained in like terms a provision for the benefit of the testator's sister, payment to be made to the sister's daughter in case of her death.

"Second: All the rest, residue, and remainder of my property, of whatever description, I give to my wife, Clara E. Lewis, and to Solomon Lincoln, of Boston, Massachusetts, in trust, nevertheless, to be held by them securely invested upon the following trusts:

(a) To pay to my wife the income of said principal fund during her life, at least as often as semi-annually.   My said trustees shall also pay to my said wife, if she shall so request, such portion of the principal sum as she may desire for her reasonable comfort and maintenance, not exceeding the sum of five thousand dollars annually. (b) At the death of my wife to divide the principal fund among the following persons, as follows:  said trustees shall give to my brother, Noah A. Lewis,  .  .  .  ten thousand dollars;  .  .  . to my nephew, George H. Lewis,  .  .  .  ten thousand dollars; .  .  .  to Mary Salisbury  .  .  .  twenty-five hundred dollars." These three legatees were living at the date of the testator's death, but died before his wife's decease.  This clause also contains the following items:  "To the granddaughter of my brother, John V. Lewis, twenty-five hundred dollars;  .  .  .  to Ada Rice, Mrs. Lewis' maid, if she shall be in the employ of Mrs. Lewis at the termination of this trust, one thousand dollars; to the employees of the O. J. Lewis Mercantile Company who have been in the service of the house ten years and are so employed at the time of my death, ten thousand dollars, to be equally divided among them at the termination of this trust."

The estate of Owen J. Lewis was duly administered and the residue paid over to the trustees named in the second clause.  Both are dead, and the petitioner has been appointed in their stead. Nothing has been paid to the brother or the sister of the testator under the first clause of the will, and the trustee requests advice as to his duty in reference thereto.   The bequests in the second clause to the legatees who have died since the testator are claimed by their representatives, and the trustee requests advice as to the validity of such claims.

Mabel E. Benjamin is a granddaughter of John V. Lewis and claims that she is the one intended by the will.   When fifteen years old she had some correspondence with her great-uncle, but she never saw him.   There are two grandchildren who were born thereafter, but the testator never knew of their existence.

Ada Rice was employed by Mrs. Lewis for many years as maid and nurse.   She was not discharged from such employment, but by reason of illness was unable to render further service and returned to her home in Nova Scotia.   She never regained her health, but Mrs. Lewis frequently stated her desire that she should return and sent her gifts of money and clothing.

The O. J. Lewis Mercantile Company is a corporation which con-

ducts in St. Louis, Missouri, a business of buying and selling mer-chandise.   At his death the testator was the active manager of the corporation and practically its sole owner.   Robert E. McDonald, James McMahon, Frederick Klotzbach, Eugene Martini, Albert E. Fries, A. T. Kennedy, H. H. Fricke, Henry Weitzel, and A. V. Winston were employed by the Lewis Company in its store in St. Louis, at wages differing in amount.   All had been in the service of the corporation for ten years and were so employed at the time of the testator's death, and none of them is named in any other clause of the will.   Tillie Satell was a stenographer in the employ of the cor-poration, had been in its service for ten years, and was so employed at the time of the testator's death.   She is the person referred to in the following provision of the will: "To Miss Tillie, of St. Louis, . . . if in the employ of the O. J. Lewis Mercantile Company at the time of my death, five hundred dollars."   At the time of the testator's death, Alonzo H. Leonard was an agent of the Lewis Com-pany with an office in Boston, Massachusetts, George M. Block was counsel for and director of the corporation, Robert E. L. Win-ter was its treasurer, and John Hall was its New York representa-tive.   All had been in the service of the corporation for ten years. Legacies of ten thousand dollars each were given to Leonard, Block, and Winter.

The plaintiff asks advice as to the persons intended by the above provisions of the will and as to whom the legacy of ten thousand dollars to the employees of the Lewis Company shall be paid.

*John Abbott* (of Massachusetts) and *Charles J. Hamblett*, for the trustee.

*Benjamin A. Lockhart* (of Massachusetts) and *Patrick H. Sullivan*, for Sabina C. Lewis.

*Charles A. Russell* (of Massachusetts) and *Charles W. Hoitt*, for Hester R. Lewis and Dorothy R. Lewis.

*Holman & Smith*, for Roy C. Salisbury.

*Frank E. Barnard* (of Massachusetts), for Mabel E. Benjamin.

*Frederic D. Fuller* (of Massachusetts), for the New England Home for Little Wanderers.

PARSONS, C. J.   1. The first and second clauses of the will are entirely distinct.   The duty imposed upon the trustees under the second clause is the administration of the fund during the life of the testator's widow and its distribution after her decease.   The only duty now remaining is the distribution of the fund as directed in the will.   If the first clause imposed a duty upon the testator's widow to make the annual payments therein requested, it imposed no duty upon the trustees of the residue under the second clause. Prior to the death of the widow, the only power given the trustees, other than that of keeping the fund securely invested, is that of paying semi-annually the income to the widow and, in the contingency of her request and its necessity, five thousand dollars of the principal annually.   Payment by them to any other person would have been maladministration.   The legatees under the first clause, whatever their right may be, have no claim against the fund created by the second clause, except under the latter clause.

2. Whether bequests of the residue are defeated by the death of individual legatees after the death of the testator, but before the time for distribution, depends upon the intention of the testator. *Hayward* v. *Spaulding*, 75 N. H. 92; *Parker* v. *Ross*, 69 N. H. 213. If he intended an absolute gift, the time of payment only being postponed, the gift vested at his death and the title of the representatives of the deceased legatee is valid.   *Dana* v. *Sanborn*, 70 N. H. 152; *Snow* v. *Durgin*, 70 N. H. 121; *Stevens* v. *Douglass*, 68 N. H. 209, and authorities cited.

The words of the will leave no room for doubt as to the testator's intention.   "Said trustees shall give to my brother, Noah, . . . ten thousand dollars."   The will in effect, so far as it relates to this bequest, is as if it read:   I give to the trustees ten thousand dollars upon the trust to pay the income to my wife during her life, and at her death to pay the principal to my brother, Noah.   It is the simple case of a remainder, or limitation over of personal estate, dependent upon a life estate which must expire by efflux of time. The remainder vests as soon as there is a person in being capable of taking upon the expiration of the life estate.   That the remainder may never come to the possession of the remainderman because of his death before the right of possession attaches, or because it may afterward be divested or the subject of the gift be destroyed, does not render the remainder contingent, because the vesting depends upon the certainty, not of possession, but of the right of enjoyment. *Hayward* v. *Spaulding*, *supra*; *Parker* v. *Ross*, *supra*; *Hall* v. *Wig-*

*gin,* 67 N. H. 89, 91; *Kennard* v. *Kennard,* 63 N. H. 303, 309, 310; *Brown* v. *Brown,* 44 N. H. 281; *Ladd* v. *Harvey,* 21 N. H. 514. Here there is no contingency whatever as to Noah's right or that of the other deceased legatees, and their title vested upon the death of the testator. If it had been intended that the distribution should be made only to such of the legatees as survived the wife, it is probable such purpose would have been definitely expressed. *Benton* v. *Benton,* 66 N. H. 169. The matter was not absent from the testator's mind; for in the same clause he makes the gift to Mrs. Lewis' maid dependent upon her employment at the termination of the trust, and the gift to the employees of his corporation upon the fact of their employment at his death. Had the testator intended to condition his gifts upon survivorship until the termination of the trust, the weight of the evidence furnished by this carefully drawn document is clearly upon the side of the conclusion that such purpose would have been definitely stated.

3. As the testator had knowledge of the existence of Mabel E. Benjamin, a granddaughter of his brother, John V. Lewis, and never knew of the existence of either of the other two grandchildren of John V. Lewis, it is probable that he meant the granddaughter of whom he knew by the expression "granddaughter of my brother, John V. Lewis." As it appears there is more than one person answering the description in the will, parol evidence is competent to determine which was meant. *Tilton* v. *Society,* 60 N. H. 377, 383.

4. Ada Rice was not discharged from employment as Mrs. Lewis' maid. The evidence tends to prove merely a temporary absence on account of illness. Mrs. Lewis expected and desired the renewal of active service when renewed health permitted. The relations of confidence and friendship which would be implied from continued employment still existed; and as it was not understood that the employment was definitely terminated, upon the facts stated the maid is entitled to the legacy.

5. The question who are meant by "employees" in the clause giving ten thousand dollars to be distributed among the employees of the O. J. Lewis Mercantile Company has not been argued by counsel. The word *employee* is defined in Webster's Dictionary as "a clerk or workman in the service of an employer, usually distinguished from *official* or *officer,* or one employed in a position of some authority." To the same effect see the Century Dictionary. The synonyms of the word are given by Soule as "agent, clerk, servant, hand," apparently implying service in an inferior capacity.

While any one employed by a corporation in any capacity may perhaps be considered an employee of the corporation (and if from the context such appeared to be the meaning, the officers of the corporation might be intended by the term under some circumstances), such is not the meaning of the word as ordinarily employed. 10 Cyc. 1032, 1033. It is not probable that the testator intended that its Boston agent, its counsel who was also a director, its treasurer, or its New York representative should share in the distribution of the ten thousand dollars. Especially is this apparent when account is taken of the fact that to each of these except the New York representative a specific bequest of ten thousand dollars is given. It is more probable that the testator meant the employees in less responsible and less honorable positions. None of these officials have appeared to claim that they were employees of the corporation within the meaning of the word as understood by the testator, and the trustee is advised that they are not entitled to share in the distribution of the ten thousand dollars given to employees.

Miss Tillie, the stenographer, is given a special bequest of five hundred dollars, but it does not appear that she held any office in the corporation, nor does any ground occur upon which to distinguish the position of stenographer from that of bookkeeper or other clerk. The special gift to her is some evidence that it might not have been intended she should share in the general one, but it is not sufficient to authorize a finding of an expressed intention to exclude her from the class ordinarily embraced by the term employed, into which her occupation properly falls. She is included within the term "employees" and entitled to share in the gift to them.

*Case discharged.*

All concurred.