Hillsborough, }
Nov. 4, 1914. }

Ellen L. McLane, *Trustee,* *v.* Grace Crosby & a.

Bill in Equity, by the trustee under the will of Alma Barker, for advice as to the distribution of the trust fund.    Transferred without a ruling from the January term, 1914, of the superior court by *Pike,* C. J.

The first and second clauses of the will create a trust fund for the benefit of Isaac N. Johnson, son of the testatrix, and of his children if any should be born to him.    The third clause directs that in the event of Isaac's decease without children surviving, the residue of the trust fund shall be distributed in equal portions to the brothers of the testatrix, or their lawful heirs.    Isaac is dead.    No children were ever born to him.

*Taggart, Burroughs, Wyman & McLane* (*Mr. McLane* orally), for the plaintiff.

*George F. Jackson,* for John S. Carpenter.

Young, J.    The beneficiary having died, the trust fund is to be distributed in accordance with the provisions of the third clause of the will.    In that clause the testatrix says she gives this fund "in equal portions" to her five brothers, naming them, "or their lawful heirs."    If this language is given its ordinary meaning ( and there is nothing to show that that was not the testatrix's intention), the trust fund is to be divided into five "equal portions," and one of these portions distributed to the "lawful heirs" of each of her five brothers.    *Dana* v. *Sanborn,* 70 N. H. 152.

*Case discharged.*

All concurred.