Carroll, }
Jan. 1, 1924. }

### GEORGE M. WEED, *Trustee, v.* ELLEN LOUISE WHITE *& a.*

Devise to trustees to invest and pay the net income from two specified sums to A and B for the life of each respectively, and to C "all the remainder of said net income, whether the same shall accrue before or after the decease of" A and B or either of them. C is given not the income of the remainder of the corpus but the remainder of the net income after paying to A and B the sums set apart for them.

Where no distribution of the corpus of an estate can be made during the lifetime of a beneficiary, the trustee has no present occasion for advice in relation thereto.

PETITION, for instruction by the surviving trustee under the will of Charles H. White.

White died July 25, 1914, leaving a will, which was duly proved and allowed August 4, 1914. The portion of the will as to which instructions are asked is as follows: "All the rest residue and remainder of my Estate real, personal and mixed, I give, devise and bequeath to George W. Wiggin, of Franklin, Massachusetts, and George M. Weed, of Concord, Massachusetts and the survivor of them to have and to hold the same to them their heirs and assigns but in trust for the following purposes, that is to manage, sell and dispose of such Estate in their discretion, . . . to invest and reinvest the proceeds thereof in such securities and investments as they may deem best, and to pay the net income thereof and arising therefrom half yearly as follows, namely, To my Sister Susan F. French, for and during her natural life, the net income of three thousand dollars; to Harry Huckins, son of my sister Sarah F. Huckins, for and during his natural life, the net income of two thousand five hundred dollars ($2,500); to my said daughter Ellen Louise White for and during her natural life, all the remainder of said net income, whether the same shall accrue before or after the decease of said Susan F. French and Harry Huckins, or either of them.

In case my said daughter shall die before said Susan F. French and Harry Huckins, or either of them, and leaving a child or children living at her decease, I direct my said trustee or trustees, to pay over to said child or children so much of said residue of my estate as shall not be required for said income to said Susan F. French and Harry Huckins or either of them, but in case she shall die leaving no child or children living at her decease, then I direct my said

trustees or trustee, shall pay that portion of said residue to said Carl R. Hayes. At the death of Susan F. French and Harry Huckins, I direct my said trustees or trustee to pay that portion of said residue required to produce their portion of said net income respectively to said child or children of my said daughter living, if any, but otherwise to said Carl R. Hayes."

The petitioner and Wiggin were duly appointed trustees under the will December 7, 1915. Wiggin died March 23, 1922. Susan F. French died April 16, 1921, and Harry Huckins died July 24, 1922. Ellen Louise White is forty-three years of age and unmarried.

The petitioner asks to be advised as to whether Ellen Louise White is entitled since the death of French and Huckins to the income payable to them when alive, and as to what provision, if any, the will makes for the distribution of the trust fund.

Transferred by *Marble*, J., without a ruling.

*Johnson & North, Fredwith R. Mackenzie* (all of Massachusetts) and *Arthur S. Healy* (*Mr. Mackenzie* orally), for Ellen Louise White.

*Demond, Woodworth, Sulloway & Rogers* (*Mr. Jonathan Piper* orally), for Carlyle R. Hayes.

PARSONS, C. J. While the draftsman of the will may not have been particularly expert in the use of language, the testator's meaning is clear. Huckins and Susan French were to have the income from the two sums of $2,500 and $3,000 as long as they lived. Ellen, the daughter, is given not the income on the remainder of the corpus but the remainder of the net income after paying to Huckins and Susan the sums set apart for them. The death of Susan relieving the income of the payment to her, increased the remainder payable to Ellen, as it was later further increased by the cessation because of his death of the payment to Huckins. The will says this in express terms. Ellen is to have "all the remainder of said net income whether the same shall accrue before or after the decease of said Susan F. French and Harry Huckins or either of them." The remainder of the income accruing before the death of either was what was left after their legacies were satisfied. The remainder accruing after the death of both is the whole income, because there is nothing to be deducted.

The trustee is therefore advised to pay the income of the fund to Ellen Louise White as long as she lives. There can be no distri-

bution of the corpus of the fund while she lives and the trustee has now no occasion for advice thereto. *Flanders* v. *Parker*, 80 N. H. 566; *Haynes* v. *Carr*, 70 N. H. 463, 484; *Stevens* v. *Douglass*, 68 N. H. 209, 210; *Gafney* v. *Kenison*, 64 N. H. 354, 357. In the last clause of the portion of the will under consideration the testator apparently had in view only the contingency of the death of the daughter, Susan and Harry or one of them surviving, and only in that event makes provision for the disposition of the corpus of the fund in case the daughter did or did not leave children. As the precise contingency with reference to which these provisions of the will were drafted can never occur, it may be doubtful if they are of any effect. But whatever view may be taken of the testator's purpose, Carl Hayes can have no claim until after the death of Ellen leaving no children surviving. There is no occasion to consider his rights until that event occurs, if it ever does.

*Case discharged.*

All concurred.