Sullivan, } 
March 2, 1926. }

### NINA B. ADAMS & a. v. CARRIE F. WRIGHT HOSPITAL.

A bequest of property to an unmarried woman to be used for the support of herself and her family, if she have any, is intended to be used for her own support and for the support of a husband and children subsequently acquired.

!The court will not advise a trustee upon matters not connected with the administration of the trust but concerning him only in his individual capacity, or upon contingencies which may never occur.

BILL IN EQUITY, for the construction of the fourth and fifth clauses of the will of Katie B. Trow, which provide: "Fourth — I give and bequeath to my Granddaughter Nina B. Fowler all the rest and Residue and remainder of my estate, real, personal or mixed wherever and however situated (including my two story two tenement house on Maple St. Newport, N. H.) and including any hereafter acquired to have and to hold in trust for herself and family, if she have any, with full authority to use for herself for her own support the income and if necessary in her judgment so much of the principal as may be necessary, with full authority to sell without license from any Court any Real or Personal Estate and to collect, transfer or to care for and invest and re-invest at her own pleasure, and I order and direct that no bond be required of her by any Court hereby giving her full control in life and full authority to dispose by will of any part of this bequest that may remain if any at her decease. But if the said Nina B. Fowler dies childless then the remainder of any, the portion of this bequest not used by her, shall be distributed as follows: — Fifth — I give and bequeath to the Carrie F. Wright Hospital in Newport, N. H. its heirs and assigns

forever all the rest residue and remainder of my estate wherever found."

The plaintiffs are Nina B. Adams, *née* Fowler, individually and in her capacity as trustee under said will, and her husband Warren F. Adams, whom she has married since the execution of said will. They are living together. Nina is now childless and forty years of age. The property subject to the said provisions consists of personalty of $20,000 and a dwelling of the value of $2500, all of which is in the possession of Nina under the terms of said will.

The questions upon which advice is sought are: 1. Did the testatrix intend to include the husband of said Nina as a beneficiary and to allow any portion of the income and principal to be used for his benefit; and if so, to what extent? 2. Did the testatrix intend that the trust should continue, with the husband as a beneficiary, in the case of Nina's death without children in his lifetime? 3. Did the testatrix intend to give Nina full power of disposition of what may remain at her death regardless of whether or not she die childless, and regardless of what rights the husband may have during her lifetime?

Transferred without ruling by *Burque*, J.

*Ralph G. Smith*, for the plaintiffs.

*Jesse M. Barton*, for the defendant.

SNOW, J. In this state the identity of a beneficiary under a will presents a question of fact to be determined by the court from the language employed, construed in the light of all the competent evidence. Great liberality is shown in seeking the intention of the testator in this respect. *Clark* v. *Campbell*, ·*post*, 281, and cases cited. The will here under consideration is crudely drawn and bears evidence that the language employed was used according to its most commonplace signification. When, in ordinary conversation among laymen, reference is made to a designated person and his family, the word "family" is used more often than otherwise as descriptive of his wife and children. Such has been the construction placed upon the word in the interpretation of similar provisions in jurisdictions where liberal rules of construction prevail. *Gafney* v. *Kenison*, 64 N. H. 354, 356, 357; *Langmaid* v. *Hurd*, 64 N. H. 526, 527; *White, Ex'r*, v. *White*, 30 Vt. 338, 343; *Crosgrove* v. *Crosgrove*, 69 Conn. 416; *Hall* v. *Stephens*, 65 Mo. 670, 672; *Downes* v. *Long*,

79 Md. 382. See *Eaton* v. *Eaton*, 81 N. H. 275. That "family" was here used in neither a broader nor a narrower sense than this is evidenced by the qualifying words "if she have any." At the date of the execution of the will Nina was a single woman. It is improbable that the testatrix was contemplating the possibility of a failure of Nina's kindred. Hence the testatrix could not have used the word "family" as inclusive of "next of kin." The use of the qualifying contingent words is convincing evidence that the testatrix had in mind a family .yet to be acquired. There being no evidence indicating a different intention it must be assumed that she had in contemplation the possible acquisition of a family in the ordinary course of human events, that is, by marriage; upon which the birth of children might or might not ensue. It is probable, therefore, that the word family was used by the testatrix to include the possible husband and the more remotely possible issue.

The extent of the use of the income, and of the principal so far as authorized, is expressly limited to the "support" of the beneficiaries. The grant of "full authority to use the [fund] for herself for her own support" was not intended to eliminate as beneficiaries the other possible members of her family for whose benefit, as well as for Nina's, the trust had just been declared. This was but a convenient manner of expressing, in terms of the then existing status of the beneficiaries, the fullness of the trustee's authority over the fund.

The trustee is accordingly advised in answer to the first question propounded, that it was the intention of the testatrix to create a trust for the support of Nina, and of her husband and children if any she should have during the term of the trust.

2. A bill in equity for instructions lies only in behalf of those holding fiduciary positions (*Glover* v. *Baker*, 76 N. H. 393, 396; *Ross* v. *Church*, 77 N. H. 592, 593); and to them only so far as a determination of the questions presented is necessary to the administration of the trust imposed upon them. *Greely* v. *Nashua*, 62 N. H. 166, 167; *Gafney* v. *Kenison*, 64 N. H. 354, 355; *Carr* v. *St. Paul's Parish*, 71 N. H. 231, 233; *Bailey* v. *McIntire*, 71 N. H. 329; *Flanders* v. *Parker*, 80 N. H. 566, 568. The right of disposition by will was a gift to Nina independently of the trust under which she, her husband and other possible beneficiaries have an interest for their support. The rights of the parties in the fund upon the termination of the trust do not concern the petitioner in her capacity as trustee. *Greely* v. *Nashua, supra; Bailey* v. *McIntire, supra.* If it could be held that

the court has authority to advise in such a case, which has been questioned (*Stevens* v. *Douglass*, 68 N. H. 209; *Harvey* v. *Harvey*, 73 N. H. 106, 107), it has not been the practice to speculate upon the intention of a testator under mooted contingencies which may never occur. *Gafney* v. *Kenison*, supra, 357; *Stevens* v. *Douglass*, supra; *Drake* v. *True*, 72 N. H. 322, 323; *Weed* v. *White*, 81 N. H. 197. We must therefore decline to advise upon the second and third questions submitted.

*Case discharged.*

All concurred.