Hillsborough, }
 Dec. 2, 1930. }

NASHUA TRUST COMPANY *v.* MARY A. BURKE *& a.*

*Hamblett & Hamblett*, for the plaintiff.

*Cobleigh & Cobleigh*, for Mary A. Burke.

*Harry P. Greeley*, guardian *ad litem, pro se.*

*Daniel J. Moriarty* and *Walter W. O'Donnell* (of Massachusetts), for other defendants.

PEASLEE, C. J. The case is incomplete. It does not state whether the allegations of the bill were admitted, and the facts are not found. Certain evidence is transferred for the "assistance to the court in the determination of the questions involved." This court has no jurisdiction to find the facts in cases transferred from the superior court. *Coles* v. *Railroad*, 74 N. H. 425. It follows that the transfer of the evidence cannot affect the decision here. But as the evidence only tends to sustain the allegations of the bill, it is assumed that the parties are content to have the case disposed of in accordance with those allegations.

The trustee is advised as follows:

I. The income of the trust belongs to Mary A. Burke. The clause limiting payments relates to disbursements from the principal only. The income should be paid to her at least as often as once a year.

II. Payments to her from the principal can be made only in case of need, arising from the causes specified in the will, viz.—"old age, or infirmity, or sickness, or adversity." The beneficiary's defect of vision and trouble with her feet are plainly infirmities; and, so far as she needs funds for the alleviation thereof, payments may be made from the principal "as said Trustee may deem necessary." In determining the issue of need, the trustee should take into consideration the fact that she has the income. It was not the testator's intent that she should be allowed to give away or squander the income and thus create needs that could be met from the principal.

Payments to further the beneficiary's higher education would not come within the classes named in the will, and cannot be made out of the principal of the trust.

III. The question, to whom the residue of the fund should be paid at the death of the life beneficiary is one that does not require consideration at this time. The amount of the fund is not stated. It may be that the whole will be exhausted during the lifetime of the first taker, and that there will be no residue to dispose of. In such a situation, "It is, at least, doubtful if the court has power to give an answer that will bind the parties. . . . If facts hereafter occurring render an answer necessary, another application therefor can be made. *Gafney* v. *Kenison*, 64 N. H. 354." *Stevens* v. *Douglass*, 68 N. H. 209, 210. " . . . it has not been the practice to speculate upon the intention of a testator under mooted contingencies which may never occur. . . . *Drake* v. *True*, 72 N. H. 322, 323; *Weed* v. *White*, 81 N. H. 197." *Adams* v. *Hospital*, 82 N. H. 260, 263.

*Case discharged.*

All concurred.