Belknap,
April 3, 1934.

### LACONIA *v.* COUNTY OF BELKNAP.

*Harold E. Wescott* (by brief and orally), for the plaintiff.

*Theo S. Jewett*, solicitor, and *Arthur H. Nighswander* (*Mr. Jewett* orally), for the defendant.

ALLEN, J. A large part of the agreed statement of facts is a summary of testimony. It would be unconsidered (*Nashua Trust Co.* v. *Burke*, 84 N. H. 490, 491) but for the apparent recognition of its truth by the parties.

The agreement of the two commissioners, in the absence of the third member of the board, that the bill should be paid, furnishes no ground to meet the county's defence. By the findings no action was taken, and, as they are understood, the agreement was not with the city's overseer of the poor but only between the two commissioners.

Moreover, even if the agreement had been made with the overseer, no waiver would be chargeable to the county. The statutes make a difference between the organizations of boards of county commissioners and of selectmen. The former choose from their number a chairman and a clerk. The clerk, among his duties, is to keep a record of their proceedings. P. L., c. 38, ss. 1, 2. The design that the commissioners shall act as a body, is clear. While a majority may deter-

mine board action, there must be such action. All members are entitled to be consulted on all matters and to have them discussed and considered in conference. Action is to follow meetings held or consultations had to pass upon its proposal. The structure is like that of the ordinary board of directors or managers. In the case of selectmen, "A majority . . . shall be competent in all cases." P. L., c. 47, s. 12. "The construction of this act . . . settled by usage, is, that when there are two selectmen there is a legal board." *Tyler* v. *Flanders*, 58 N. H. 371, 373. In summary, a board of selectmen may be one less than their full number, while a board of county commissioners may not act without notice to all of them.

The city's right to rely upon the practice of non-insistence upon the statutory requirements depends upon the nature and extent of the practice. Conceding that they may be waived and that the waiver may establish an estoppel (*Lyman* v. *Littleton*, 50 N. H. 42), one does not readily find from the reported facts a waiver intended to have legal effect. The understanding about it is characterized as a "sort of gentlemen's agreement." Whether this expression is meant to convey the thought that no legal effect was to be given the practice or that it was to be given effect without consideration of the force of law to do so, is not clear. The facts leave the understanding doubtful.

But whatever legal results might follow from the practice, it could not bind the county for matters outside or beyond its range. "A waiver by either words or conduct does not extend beyond their fair meaning." *Daley* v. *Company*, 81 N. H. 502, 504. The practice was inapplicable to cases of long duration. Bills were usually presented monthly, and in no instance where the account had run, as here, for so long as four and a half years. An account of such long standing was special and exceptional, and the practice could not be reasonably relied upon to control and govern the procedure necessary for its allowance. Naturally its extraordinary feature put it outside the pale of ordinary treatment. Promptness in presenting bills after their payment by the city was a term of the practice, and there was no provision implied that substantial delay, whatever the reason for it, was excused. The vouchers and affidavit were not supplied because of a mistaken view of the extent of the practice. The practice permitted their omission in certain cases, of which this was not one. It did not include cases of omission outside of its limits but thought to be within them, although the mistake was one of misfortune free from blame. Relief is sought on a claim of waiver of the statute leading

to its disregard, but there was no waiver. The county did nothing to cause the mistake and is in a position to avail itself of the statutory defence.

The record is not clear in showing a finding that the delay in presenting the claim was due to the city's laches. But the conclusion reached avoids any occasion to construe it in respect thereto.

*Case discharged.*

All concurred.