Hillsborough, June 25, 1943. } No. 3420.

DORA JEAN *v.* ASSOCIATION CANADO-AMERICAINE.

*Sullivan & Dolan* and *Nathan Peikes,* of Massachusetts (*Mr. Dolan* orally), for the plaintiff.

*Ernest R. D'Amours* (by brief and orally), for the defendant.

BURQUE, J.   The record of payments covering the whole period of membership of the decedent shows that twice the premiums stood paid in advance, seven times paid currently, eight times one month, four times two months, and twice three months in arrears.   All of this was prior to May 6, 1938, when he paid one month's assessment, which still left him three months in arrears.   From June, 1938 on, the treasurer's record has the entry "lapsed" opposite each month, until we find the payments made November 21 and 30, 1938.   It is to be noted that these payments were not received by the High Court treasurer until December 5, 1938, the day before the member died, and the local agent had no apparent authority to waive.   Upon being advised of his death, December 14, 1938, the treasurer returned a check for these two last payments, with direction that it be given to the party who had paid the money.   Tender was made, on two different occasions, but was refused.

The plaintiff claims that the defendant, by accepting payments of dues three months in arrears on two different occasions has waived the provisions of its by-laws referring to suspension and lapsing, and is now estopped to deny the waiver.

The claim fails.   Acceptance of arrears may waive the provisions of payment during a period established by a course of dealing which may induce a reasonable belief on the part of the assured that the condition has been waived in fact, *Daley* v. *Insurance Co.*, 81 N. H. 502, 503, and cases cited.   But this does not constitute a waiver of the condition of forfeiture for a longer period of arrears than that previously granted "and could induce no reasonable belief that the forfeiture was thereby postponed beyond the extension."   *Ib.*, *p.* 503.   It is clear that acceptance of payment of arrears on two occasions a few days after the ninety day period of grace allowed by the by-laws could not fairly induce the assured into believing that the period of grace would be extended six months beyond that period. "A waiver by either words or conduct does not extend beyond their fair meaning," *Laconia* v. *Belknap County*, 86 N. H. 565, 567 and "a waiver up to a certain mark waives nothing beyond it," *Daley* v. *Insurance Co.*, *supra*, *p.* 504.   "The doctrine of waiver as asserted against Insurance Companies, is only another name for the doctrine of estoppel."   *Appleton* v. *Insurance Co.*, 59 N. H. 541, 545; *Daley* v. *Insurance Co.*, *supra; Duval* v. *Company*, 82 N. H. 543, 547 and cases cited; *Doolan* v. *Insurance Co.*, 85 N. H. 531, 534.

It must be observed that according to the defendant's by-laws a member who fails to pay his premiums when due is "suspended" for

"ninety days following his last paid month." He can be reinstated during that period by paying his dues and submitting whatever evidence of good health the High Court may require. But "after ninety days of nonpayment the member shall *ipso facto* cease to be a member of the Association and his certificate shall become null and void." He may be reinstated only by "passing a new medical examination to the satisfaction of the Physician General and paying all dues, assessments, fines, etc., with which he is chargeable," and this "within the period of six months after he has ceased to be a member." The case does not state whether a certificate of good health was required and furnished on the two occasions when the member paid arrears of three months. It is immaterial as far as the present consideration of the case need go. There is nothing in the case to warrant a finding that the society ever waived the new physical examination necessary for reinstatement during the six months period after the member ceased to be a member. He was lapsed in June, 1938, for non-payment of premiums due March, April and May, 1938, and was continued entered as "lapsed" for the four succeeding months. It is to be assumed this was for the purpose of keeping his name on the books as one entitled to reinstatement upon compliance with the requirements of the by-laws, and that November was the last month during which he could avail himself of the provisions relating to reinstatement. He failed in that he did not submit to an examination. It was conceded apparently that he could not have done so since he was sick with pulmonary tuberculosis. His physical condition, on November 21 when six months dues were paid and on November 30 when the other three months dues were paid was such that it precluded compliance with the requirements of a new medical examination to the satisfaction of the physician general. (*Daley* v. *Insurance Co., supra, p.* 503.) In the absence of evidence of waiver of such a requirement in any case, and moreover in the absence of knowledge on the part of the society that the member was seriously ill, it cannot be said that the requirement was waived and that the society is now estopped to deny the waiver. *Doolan* v. *Insurance Co., supra.*

*Judgment for the defendant.*

All concurred.